**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Case No. 25-90818 |
| 57 Concrete LLC, [1] | Chapter 11 |
| Debtor. | |

**SUPPLEMENTAL DECLARATION OF ELIUD R. CAVAZOS IN SUPPORT OF**
**FIRST DAY MOTIONS AND RELATED RELIEF**

I, Eliud R. Cavazos, hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, as follows:

1.      I am the Chief Executive Officer and a managing member of 57 Concrete LLC (the "Debtor" or the "Company"). I submit this supplemental declaration (the "Supplemental Declaration") to provide additional information regarding the operational structure of the Debtor and the role of affiliated entities and individuals, including Pedro Cepeda, in connection with the Debtor's business and reorganization efforts.

2.      Except as otherwise indicated, all facts set forth in this Supplemental Declaration are based upon my personal knowledge, my review of relevant documents, discussions with employees of the Debtor, or my opinions based upon experience, knowledge, and information concerning the Debtor. If called upon to testify, I would testify competently to the facts set forth herein.

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: 57 Concrete LLC (0886), 57 Fuels LLC (5550), 57 Logistics LLC (4104), and 57 RGV Machinery LLC (7906). The Debtors' service address is 4877 Western Road, Mission, Texas 78574.

**A. Operational Interdependence with Pedro Cepeda and Affiliated Entities**

3.      In addition to my role and that of Jesus Cepeda in managing the Debtor's operations, the Debtor's business is dependent on affiliated operations owned and managed by Pedro Cepeda, including RGV Machinery LLC ("57 Machinery").

4.      57 Machinery provides equipment that is essential to the Debtor's core operations, including mixer trucks, batch plant components, and related production infrastructure necessary to manufacture and deliver ready-mix concrete.

5.      The Debtor relies on 57 Machinery pursuant to an Equipment Supply and Production-Based Use Agreement, under which equipment is supplied for use in the Debtor's operations and is dedicated to supporting the Debtor's production activities. The equipment supplied through this arrangement is not incidental, but rather constitutes a critical component of the Debtor's ability to generate revenue and fulfill customer demand.

6.      The relationship between the Debtor and 57 Machinery is operationally integrated. The equipment supplied by 57 Machinery is used on a continuous basis in the Debtor's production and delivery processes, and the output of the Debtor's business is directly dependent on the availability and functionality of that equipment.

7.      The compensation structure between the Debtor and 57 Machinery is production-based, meaning that the operations and revenue of 57 Machinery are directly tied to the Debtor's production levels. As a result, the operations of the Debtor and 57 Machinery are coordinated and interdependent.

**B. Role of Pedro Cepeda**

8.      Pedro Cepeda is the owner and manager of 57 Machinery and is responsible for overseeing the availability, deployment, and maintenance of the equipment used in the Debtor's operations.

2

9.     In this capacity, Pedro Cepeda works in coordination with me and Jesus Cepeda to ensure that equipment is available to meet production demands, that equipment is properly maintained, and that operational disruptions are minimized.

10.     Pedro Cepeda's responsibilities include ensuring that equipment is allocated efficiently across job sites, maintaining equipment in working condition, and coordinating logistics necessary for the Debtor to meet its delivery obligations.

11.     The Debtor's ability to operate as a going concern depends not only on management and labor, but also on the continuous availability of production equipment. Pedro Cepeda's role in managing and supplying that equipment is therefore essential to the Debtor's operations.

## C.  Impact of Disruption to Pedro Cepeda or 57 Machinery

12.     Any disruption to Pedro Cepeda's ability to perform his responsibilities, including as a result of litigation or other external demands on his time and attention, would materially impair the Debtor's operations.

13.     Similarly, any disruption to the operations of 57 Machinery would directly impact the Debtor's ability to produce and deliver concrete, resulting in immediate operational and financial harm.

14.     Because the Debtor's production capacity depends on equipment supplied through 57 Machinery, the Debtor cannot readily replace this equipment or replicate this operational structure on short notice.

15.     The loss or impairment of access to this equipment would result in delays in customer deliveries, loss of revenue, disruption of business relationships, and potential loss of workforce stability.

3

**D. Importance to Reorganization Efforts**

16.    The Debtor's ability to successfully reorganize under chapter 11 depends on maintaining stable operations, preserving customer relationships, and continuing to generate revenue.

17.    The continued involvement of Pedro Cepeda and the continued operation of 57 Machinery are necessary to achieve these objectives.

18.    Without the coordinated efforts of management, including myself, Jesus Cepeda, and Pedro Cepeda, the Debtor would not be able to maintain operations at the level necessary to support a successful restructuring.

19.    The Debtor's business is structured in a manner where operational responsibilities are divided but interdependent, and the disruption of any key component of that structure would have a cascading effect on the Debtor's ability to reorganize.

**E. Conclusion**

20.    For the foregoing reasons, the continued involvement of Pedro Cepeda, together with the continued operation of 57 Machinery, is essential to preserving the value of the Debtor's business, maintaining employment for its workforce, ensuring the availability of necessary production equipment, and effectuating a successful reorganization in this chapter 11 case.

Dated: March 25, 2026

*Eliud R Cavazos*
Eliud R Cavazos (Mar 25, 2026 15:50:48 CDT)

Eliud R. Cavazos

4