**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | |
| | ) | Chapter 11 |
| 57 CONCRETE LLC, et al | ) | |
| | ) | Case No. 25-90818 (CML) |
| Debtors | ) | (Jointly Administered) |
| | ) | |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER
ESTABLISHING PROCEDURES FOR THE SALE OF EXCESS EQUIPMENT**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE LOPEZ:

1. The Official Committee of Unsecured Creditors (the "Committee") of 57 Concrete LLC (the "Debtor") files this limited objection (the "Objection") to 57 Fuels LLC, 57 Logistics, LLC, and 57 RGV Machinery LLC (the "Affiliate Debtors," and along with the Debtor, the "Debtors") Motion for Entry of an Order (I) Authorizing the Retention of Ritchie Bros. as Auctioneer, (II) Establishing Sale Procedures for the Sale of Excess Equipment, and (III) Granting Related Relief (the "Motion") [Dkt. 264], and respectfully states as follows:

**BACKGROUND**

2. The Debtor filed a bankruptcy petition on December 19, 2025 (the "Petition Date"). The Affiliate Debtors filed bankruptcy petitions on March 26, 2026. On April 2, 2026, the Court entered an Order Directing Joint Administration of the Chapter 11 Cases and Granting Related Relief [Dkt. 199].

## **OBJECTION**

3.   The Motion proposes sale procedures for selling multiple pieces of equipment. Each piece of equipment appears to be owned by a particular Debtor.  These Debtors are jointly administered but not substantively consolidated.  The Proposed Order at Dkt. 264-4 provides at paragraph 15.b that the auctioneer may distribute proceeds based on instructions from the Debtors and their counsel.  As the equipment is owned by different Debtors, and these cases are not substantively consolidated, the Debtors should: (a) identify which Debtor or Debtors will receive any excess proceeds from the sale of a given item of the currently identified equipment; and (b) the notice of sale of additional equipment identified at paragraph 6 of the Proposed Order should specify which Debtor will receive any excess funds from the sale of any given piece of equipment.

4.       WHEREFORE, the Committee respectfully requests that the Court: (i) require the Debtors as a condition in the order to: (a) identify which Debtor or Debtors will receive any excess proceeds from the sale of a given item of the currently identified equipment; and (b) specify in the notice of sale of additional equipment identified at paragraph 6 of the Proposed Order which Debtor or Debtors will receive any excess funds from the sale of any given piece of equipment; and (ii) grant such other and further relief as is just and proper.

DATED: May 22, 2026

Respectfully submitted,

**Grable Martin PLLC**

/s/ Mary Elizabeth Heard
MARY ELIZABETH HEARD
Texas State Bar No. 24096727
SD # 2943737
Email: meheard@grablemartin.com
Grable Martin PLLC
7700 Broadway St., Ste 104 PMB 308
San Antonio, Texas 78209
Telephone: (210) 572-4925

*Counsel for the Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 22, 2026, a true and correct copy of the foregoing was served via email through the Court's Electronic Case Filing System on the parties that have consented to such service.

*/s/ Mary Elizabeth Heard*
Mary Elizabeth Heard