**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Case No.  25-90818 (CML) |
| 57 Concrete LLC, *et al.*,[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |

**DEBTORS' AND PARKINS & RUBIO LLP'S EMERGENCY MOTION TO
CONTINUE RESPONSE AND RELATED DEADLINES PENDING COMPLETION
OF U.S. TRUSTEE INVESTIGATION**

EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED
NOT LATER THAN AUGUST 12, 2026.

IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT
EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST
APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN
RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE
PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE
PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

57 Concrete LLC and its affiliated debtors and debtors in possession (collectively, the

"Debtors"), and Parkins & Rubio LLP ("P&R"), respectfully submit this emergency motion (the

"Motion to Continue") for entry of an order continuing (a) the deadline for the Debtors and P&R

to respond to *The Official Committee of Unsecured Creditors' Motion to Disqualify Parkins &*

*Rubio LLP as Debtors' Counsel, for Disgorgement of Fees, and for Appointment of a Chapter 11*

*Trustee* [Dkt. 431] (the "Motion to Disqualify"); and (b) the response and reply deadlines relating

---

[1]     The jointly administered Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's
        federal tax identification number, are: 57 Concrete LLC ("57 Concrete") (0886), 57 Fuels LLC ("Fuels")
        (5550), 57 Logistics LLC ("Logistics") (4104), and 57 RGV Machinery LLC ("RGV") (7906). The
        Debtors' service address is 4877 Western Road, Mission, Texas 78574.

to the pending application to retain Michael Fishel and the Fishel Law Group as conflicts counsel to the affiliated Debtors [Dkt. 394] (the "Fishel Application") and P&R's supplemental retention application [Dkt. 395] (the "Supplemental Application"), in each case pending completion of the threshold investigation now being conducted by the Office of the United States Trustee (the "U.S. Trustee"). In support of this Motion to Continue, the Debtors and P&R respectfully state as follows:

**PRELIMINARY STATEMENT**

1.   This is not an ordinary request for scheduling convenience. The U.S. Trustee is presently investigating a threshold question that precedes the merits of the Motion to Disqualify: whether the Official Committee of Unsecured Creditors (the "Committee") — which has two members — authorized the filing and continued prosecution of that motion at all, and whether Committee counsel may continue to act for the Committee while asserting certain allegations against one of its two members.   Those matters are described in detail in the Debtors' contemporaneously filed *Emergency Motion for an Expedited Status Conference Regarding Committee Governance and Potential Conflict of Committee Counsel* (the "Status Conference Motion"), which is incorporated herein by reference.

2.   The Debtors deferred seeking relief from this Court at the U.S. Trustee's request so that its office could investigate, and they honored that request. As of August 6, 2026, however, neither Committee member had been interviewed, no interview dates had been confirmed, and the Debtors were advised that the interviews might not occur until the following week. The deadline for the Debtors and P&R to respond to the Motion to Disqualify is presently August 13, 2026.

3.   It would be inequitable to require the Debtors and P&R to complete extensive briefing on a motion that seeks disqualification of the Debtors' counsel, disgorgement of compensation,

2

and the appointment of a chapter 11 trustee while the government investigation that prompted the Debtors' deferral remains incomplete. The expense of that briefing would be borne by these estates, and a substantial portion of it may prove unnecessary depending on what the investigation shows.

4.   Committee counsel has not provided the basic information the Debtors requested on July 31, 2026 concerning either the Committee's authority to file the Motion to Disqualify or the factual basis for counsel's certain allegations against a Committee member. When asked to agree to hold the schedule in place while the U.S. Trustee investigates, Committee counsel offered a two-week extension of the deadlines applicable to the Debtors and P&R "contingent on a two-week extension to file our reply," proposing August 27, 2026 and September 17, 2026, respectively.

5.   The Debtors and P&R do not seek advantage. They ask for a neutral bridge: that the pending deadlines be continued to a date keyed to completion of the U.S. Trustee's interviews of the two Committee members, with any reply deadline set by the ordinary reply period prescribed by the applicable rules and procedures of this Court, measured from the continued response date. That relief preserves the status quo, prevents the unnecessary expenditure of estate resources, and leaves every party's substantive rights intact.

## JURISDICTION AND VENUE

6.   This Court has jurisdiction over this Motion to Continue under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

7.   The statutory and other predicates for the relief requested are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(b) of the Federal Rules of

3

Bankruptcy Procedure, the Court's inherent authority to manage its docket and the cases before it, and the Local Rules and procedures of this Court governing emergency relief and the extension of deadlines.

## BACKGROUND

### A.  The Pending Matters and the Deadlines at Issue.

8.  On July 23, 2026, the Committee filed the Motion to Disqualify, seeking disqualification of P&R as counsel to the Debtors, disgorgement or denial of P&R's compensation, and the appointment of a chapter 11 trustee. [Dkt. 431.] The deadline for the Debtors and P&R to respond is August 13, 2026.

9.  The Fishel Application [Dkt. 394] and the Supplemental Application [Dkt. 395] were filed on July 2, 2026 and remain pending.  Objections to those applications have been filed, and the deadlines for the Debtors and P&R to reply are running.

### B.  The U.S. Trustee's Investigation and the Debtors' Deferral.

10. On July 30, 2026, the Debtors wrote to Committee counsel, with a copy to the U.S. Trustee, raising serious questions concerning whether the Committee authorized the filing of the Motion to Disqualify and requesting preservation of the Committee's governance records. On July 31, 2026, the U.S. Trustee's Office responded: "Given the nature of the allegations, we will investigate and take any appropriate action we may deem necessary." The circumstances giving rise to that inquiry are set out in the Status Conference Motion.

11. The Debtors conferred with Vianey Garza of the U.S. Trustee's Office on Tuesday, August 4, 2026, and again on Thursday, August 6, 2026. Ms. Garza asked that the Debtors hold off on filing the Status Conference Motion so that her office could investigate. The Debtors honored that request.

12. As of August 6, 2026, neither Committee member had been interviewed and the interviews had not been scheduled. In correspondence that day, Ms. Garza advised that she did not believe her office could grant an extension of the pending deadlines, while stating that an extension "may be a fair request for the Committee."

### C. The Debtors' Request and Committee Counsel's Counterproposal.

13. On August 6, 2026, the Debtors asked, in correspondence to the U.S. Trustee on which Committee counsel was copied, that the response deadline be extended until seven days after the U.S. Trustee completes its interviews of both Committee members and provides the parties with an update regarding its investigation. The Debtors separately asked Committee counsel to confirm whether the Committee would agree to an extension while the U.S. Trustee conducts its investigation and, if so, to propose a revised response deadline. Committee counsel responded the same day that the Committee was "willing to give you a two-week extension to file your reply to the objections to the retention applications and the response to the motion to disqualify contingent on a two-week extension to file our reply to your response to the motion to disqualify," and identified August 27, 2026 and September 17, 2026 as the proposed dates.

14. The parties were unable to reach agreement on a schedule that preserves the status quo without enlarging the briefing schedule in favor of the party whose authority to prosecute the underlying motion is itself the subject of the pending investigation. This Motion to Continue followed.

### RELIEF REQUESTED

15. The Debtors and P&R request entry of an order, substantially in the form attached hereto: (a) continuing the deadline for the Debtors and P&R to respond to the Motion to Disqualify from August 13, 2026 to the date that is seven days after the U.S. Trustee completes its interviews

of both Committee members and advises the parties that its threshold investigation is complete, or such other date as the Court determines; (b) continuing the response and reply deadlines relating to the Fishel Application and the Supplemental Application to the same date; (c) providing that any reply in support of the Motion to Disqualify shall be due on the date provided by the applicable rules and procedures of this Court, measured from the continued response deadline; (d) providing that the deadlines addressed by the order shall not run pending the Court's disposition of this Motion to Continue; and (e) granting such other and further relief as is just and proper.

## BASIS FOR RELIEF

### A.  Cause Exists to Continue the Deadlines.

16. Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure permits the Court, for cause shown, to extend a deadline where the request is made before the period expires. This Motion to Continue is filed before the August 13, 2026 deadline. Section 105(a) of the Bankruptcy Code and the Court's inherent authority to manage its docket supply the same power.

17. Cause is present. The U.S. Trustee is investigating whether the Committee authorized the Motion to Disqualify at all, and whether Committee counsel may continue to act for the Committee. Those questions are logically prior to the merits. If the Committee did not authorize the motion, or cannot presently ratify it, the parties and the Court will have expended substantial resources briefing a motion whose foundation is in doubt. Deferring the response deadline until the threshold investigation is complete is the ordinary and economical sequence.

### B.  The Debtors Deferred Filing at the U.S. Trustee's Request.

18. The Debtors did not allow this deadline to approach through inaction. They deferred filing the Status Conference Motion at the express request of the U.S. Trustee so that a government investigation could proceed, and much of the time otherwise available to prepare a response was consumed by that deferral. It would be inequitable to require the Debtors and P&R to complete

their briefing on the original schedule while the investigation that prompted the deferral remains incomplete, and while Committee counsel has not answered either of the two threshold questions the Debtors put to it on July 31, 2026.

### C.  The Requested Relief Is Neutral.

19. The relief requested is a bridge, not an advantage. The Debtors and P&R do not ask that the Committee be denied a reply or that the Committee's reply period be shortened. They ask only that any reply deadline be set by the ordinary reply period prescribed by the applicable rules and procedures of this Court, measured from the continued response date, rather than by a separate and substantially longer extension negotiated as a condition of relief for the Debtors and P&R.

20. Committee counsel's counterproposal would move the deadline for the Debtors and P&R by fourteen days while setting the Committee's reply twenty-one days after the response it answers. The Debtors and P&R respectfully submit that the party whose authority to commence and continue this litigation is itself the subject of the pending investigation should not set the litigation timetable as a condition of ordinary scheduling relief. The ordinary reply period prescribed by the applicable rules and procedures of this Court should govern.

### D.  No Party Is Prejudiced.

21. The continuance sought is short and is tied to a defined event — completion of the U.S. Trustee's interviews of the two Committee members and notice to the parties that the threshold investigation is complete. If that investigation proceeds promptly, the continuance will be correspondingly brief. The Committee has itself proposed an extension of the same deadlines, differing from the relief requested here principally in its length and in the condition attached to it. Nothing in the relief requested affects any party's substantive rights or the Court's ability to reach the merits of the Motion to Disqualify, the Fishel Application, or the Supplemental Application.

**EMERGENCY CONSIDERATION**

22. Emergency consideration is warranted because the deadline for the Debtors and P&R to respond to the Motion to Disqualify is August 13, 2026, and the relief requested must be granted before that date in order to be effective. The Debtors and P&R have conferred with Committee counsel and with the U.S. Trustee and have been unable to reach agreement on a schedule that preserves the status quo while the threshold investigation proceeds.

23. The Debtors and P&R respectfully request that the Court consider this Motion to Continue on or before August 12, 2026 and, pending its disposition, that the deadlines addressed herein not run.

**CONCLUSION**

WHEREFORE, the Debtors and P&R respectfully request that the Court enter an order substantially in the form attached hereto continuing the deadlines described above, and granting such other and further relief as is just and proper.

Dated: August 7, 2026

Respectfully submitted,

**PARKINS & RUBIO LLP**

*/s/ Charles M. Rubio*
Charles M. Rubio
TX Bar No. 24083768
Jacob T. Towles
TX Bar No. 24125065
708 Main St., 10th Floor
Houston, TX 77002
Telephone: 713-715-1666
crubio@parkinsrubio.com
jtowles@parkinsrubio.com

***Counsel to the Debtor 57 Concrete and***
***Proposed Counsel to the Affiliated Debtors***

8

**FOLEY & LARDNER LLP**

/s/ John P. Melko
John P. Melko
TX Bar No. 13919600
1000 Louisiana Street, Suite 2000
Houston, TX 77002
Telephone: (713) 276-5727
jmelko@foley.com

***Counsel to Parkins & Rubio LLP***

9

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2026, a true and correct copy of the foregoing was served by electronic means on all parties registered to receive electronic notice in these cases and by email upon counsel to the Committee and the U.S. Trustee.

*/s/ Charles M. Rubio*
Charles M. Rubio