Exhibit P

**Charles Rubio**

| | |
|---|---|
| **From:** | Mary Elizabeth Heard <meheard@grablemartin.com> |
| **Sent:** | Friday, August 28, 2026 10:37 PM |
| **To:** | Charles Rubio |
| **Cc:** | Matthew Furse; Marshall Harkins; Ricky Hutchens; Vianey Garza; Millie Sall; Ha Nguyen; Jacob Towles; Jennifer Selbig; Eric Zukoski; Michael Ellis; Jim Bullock |
| **Subject:** | Re: Meet and Confer Regarding Committee's Discovery |

Charles: to be clear, are you refusing to produce the common interest / joint defense agreement for which you billed the 57 concrete estate ? What is your basis for withholding communications based on privilege or work product doctrine with Shelby Jordan and jordan's firm ? Furthermore, please explain why any communications or meetings involving Pedro Cepeda are privileged.

Mary Elizabeth Heard
Grable Martin PLLC
7700 Broadway
Suite 104 PMB 308
San Antonio, Texas 78209
meheard@grablemartin.com
210-572-4925

On Aug 28, 2026, at 18:59, Charles Rubio <crubio@parkinsrubio.com> wrote:

Mary Elizabeth,

I am attaching my July 22 email because it addresses this issue directly. At that time, I explained that the volume of informal email requests had resulted in recurring misunderstandings over what had been requested, produced, and what supposedly remained outstanding. Once the Committee served formal written discovery, I advised that we would proceed through the formal discovery process so there would be a clear record of the requests, responses, productions, and any actual disputes.

We fully responded to the Committee's formal discovery on August 7. If you contend those responses are deficient, please identify the particular interrogatory or request and the specific information or documents you contend remain outstanding.

With respect to document production, we produced over 15,000 pages of documents which were bates stamped.

With respect to the privilege-log issue, Requests for Production Nos. 3 and 4 expressly sought only "non-privileged communications." Those requests therefore carved privileged communications out of the scope of the requests themselves. Our responses explained that we were not aware of any responsive communications falling outside the applicable privileges and, accordingly, no documents were produced in response to those requests. In other words, those responses did not withhold responsive, requested documents on privilege grounds; the requests themselves were limited to non-privileged material.

The same is true of Request No. 10, which likewise sought only non-privileged documents and communications and was answered on that basis.

What is not helpful is continuing to refer generally to "numerous" outstanding requests without identifying them. That is precisely the confusion I raised with you on July 22. If you believe additional discovery remains outstanding, identify the specific formal request and the alleged deficiency. If you want additional discovery beyond what was formally served, serve it and we will respond in accordance with the applicable rules.

**Charles M. Rubio**
Direct: 212-763-3331
Mobile: 646-419-0181
crubio@parkinsrubio.com

---

**From:** Mary Elizabeth Heard <meheard@grablemartin.com>
**Sent:** Friday, August 28, 2026 4:36 PM
**To:** Matthew Furse <mfurse@grablemartin.com>; Charles Rubio <CRubio@ParkinsRubio.com>
**Cc:** jmelko <jmelko@foley.com>; Marshall Harkins <mharkins@grablemartin.com>; Ricky Hutchens <rhutchens@grablemartin.com>; Vianey Garza <Vianey.Garza@usdoj.gov>; Millie Sall <Millie.Sall@usdoj.gov>; Ha Nguyen <Ha.Nguyen@usdoj.gov>; Jacob Towles <JTowles@ParkinsRubio.com>; Jennifer Selbig <jselbig@grablemartin.com>; Eric Zukoski <ezukoski@grablemartin.com>; Michael Ellis <mellis@grablemartin.com>; Jim Bullock <jbullock@grablemartin.com>; Shelley Hill <SHill@ParkinsRubio.com>
**Subject:** Re: Meet and Confer Regarding Committee's Discovery

Charles:

On numerous occasions, you've refused to provide discovery pursuant to our requests. Shortly, I will be filing a motion to compel compliance with our discovery requests since the Court asked me to bring that to its attention if and when that happened. I assume you will oppose this as well.

Thanks.

Mary Elizabeth Heard
Grable Martin PLLC
7700 Broadway, Ste. 104, PMB 308
San Antonio, Texas 78209
210-572-4925

**Grable Martin PLLC**

<image001.jpg>

<image002.jpg>

**Regional Award for Corporate/Commercial**

<image003.jpg>

---

**From:** Matthew Furse <mfurse@grablemartin.com>
**Sent:** Friday, August 28, 2026 2:29 PM
**To:** Charles Rubio <CRubio@ParkinsRubio.com>
**Cc:** jmelko <jmelko@foley.com>; Marshall Harkins <mharkins@grablemartin.com>; Mary Elizabeth Heard <meheard@grablemartin.com>; Ricky Hutchens <rhutchens@grablemartin.com>; Vianey Garza <Vianey.Garza@usdoj.gov>; Millie Sall <Millie.Sall@usdoj.gov>; Ha Nguyen <Ha.Nguyen@usdoj.gov>; Jacob Towles <JTowles@ParkinsRubio.com>; Jennifer Selbig <jselbig@grablemartin.com>; Eric Zukoski <ezukoski@grablemartin.com>; Michael Ellis <mellis@grablemartin.com>; Jim Bullock <jbullock@grablemartin.com>; Shelley Hill <SHill@ParkinsRubio.com>
**Subject:** RE: Meet and Confer Regarding Dkt. 453

Hi Charles,

No, as it appears that you are deposing Rob and Pedro in their capacity as committee members, you do not have our consent to contact them directly.

Further, if you are seeking to depose them in their capacity as creditors, they each had counsel file proofs of claim who should be contacted in the first instance. Either way, GM will be attending any further deposition to ensure that the Committee's privilege is protected.

Kind regards,

<image001.jpg>

**Matthew E. Furse**
**Grable Martin PLLC**
Member | Litigation Practice Group
Tel. +1 (972) 474-9206
Mobile +1 (972) 310-1938
Fax. +1 (214) 307-9832
Email mfurse@grablemartin.com
**Biography** | **Website** | **vCard** | **LinkedIn** | **Legal Disclaimer** | **Book Consult**

<image004.jpg>
**<image005.png>**
**Regional Award for Corporate/Commercial**

**From:** Charles Rubio <CRubio@ParkinsRubio.com>
**Sent:** Friday, August 28, 2026 2:01 PM
**To:** Mary Elizabeth Heard <meheard@grablemartin.com>
**Cc:** jmelko <jmelko@foley.com>; Matthew Furse <mfurse@grablemartin.com>; Marshall Harkins <mharkins@grablemartin.com>; Ricky Hutchens <rhutchens@grablemartin.com>; Vianey Garza <Vianey.Garza@usdoj.gov>; Millie Sall <Millie.Sall@usdoj.gov>; Ha Nguyen <Ha.Nguyen@usdoj.gov>; Jacob Towles <JTowles@ParkinsRubio.com>; Jennifer Selbig <jselbig@grablemartin.com>; Eric Zukoski <ezukoski@grablemartin.com>; Michael Ellis <mellis@grablemartin.com>; Jim Bullock <jbullock@grablemartin.com>; Shelley Hill <SHill@ParkinsRubio.com>
**Subject:** RE: Meet and Confer Regarding Dkt. 453

Mary Elizabeth,

I will ask the question again directly: do I have your consent to communicate with Rob and Pedro directly for the limited purpose of scheduling and arranging service of their depositions as Committee members?

That is a yes-or-no question. I understand that Grable Martin represents the Committee and does not represent Rob or Pedro individually as creditors. What I am trying to clarify is whether you contend that your representation of the Committee precludes us from communicating directly with the Committee members concerning the logistics of their depositions.

Please respond yes or no so there is no ambiguity about your position.

**Charles M. Rubio**
Direct: 212-763-3331
Mobile: 646-419-0181
crubio@parkinsrubio.com

**From:** Mary Elizabeth Heard <meheard@grablemartin.com>
**Sent:** Friday, August 28, 2026 2:11 PM
**To:** Charles Rubio <CRubio@ParkinsRubio.com>
**Cc:** jmelko <jmelko@foley.com>; Matthew Furse <mfurse@grablemartin.com>; Marshall Harkins <mharkins@grablemartin.com>; Ricky Hutchens <rhutchens@grablemartin.com>; Vianey Garza <Vianey.Garza@usdoj.gov>; Millie Sall <Millie.Sall@usdoj.gov>; Ha Nguyen <Ha.Nguyen@usdoj.gov>; Jacob Towles <JTowles@ParkinsRubio.com>; Jennifer Selbig <jselbig@grablemartin.com>; Eric Zukoski <ezukoski@grablemartin.com>; Michael Ellis <mellis@grablemartin.com>; Jim Bullock <jbullock@grablemartin.com>; Shelley Hill <SHill@ParkinsRubio.com>
**Subject:** Re: Meet and Confer Regarding Dkt. 453

Charles:

If you want to depose the Rob and Pedro in their role as Committee members, then you need to follow the proper procedures. We represent the Committee. We do not represent them in their individual capacity as creditors of the estate.

Thanks.

Mary Elizabeth Heard
Grable Martin PLLC
7700 Broadway, Ste. 104, PMB 308
San Antonio, Texas 78209
210-572-4925

<image001.jpg> Grable Martin PLLC

<image002.jpg>
Regional Award for Corporate/Commercial

<image003.jpg>

---

**From:** Charles Rubio <CRubio@ParkinsRubio.com>
**Sent:** Friday, August 28, 2026 12:55 PM
**To:** Mary Elizabeth Heard <meheard@grablemartin.com>
**Cc:** jmelko <jmelko@foley.com>; Matthew Furse <mfurse@grablemartin.com>; Marshall Harkins <mharkins@grablemartin.com>; Ricky Hutchens <rhutchens@grablemartin.com>; Vianey Garza <Vianey.Garza@usdoj.gov>; Millie Sall <Millie.Sall@usdoj.gov>; Ha Nguyen <Ha.Nguyen@usdoj.gov>; Jacob Towles <JTowles@ParkinsRubio.com>; Jennifer Selbig <jselbig@grablemartin.com>; Eric Zukoski <ezukoski@grablemartin.com>; Michael Ellis <mellis@grablemartin.com>; Jim Bullock <jbullock@grablemartin.com>; Shelley Hill <SHill@ParkinsRubio.com>
**Subject:** Re: Meet and Confer Regarding Dkt. 453

Mary Elizabeth,

So that I am clear, since your firm does not represent the Committee members in their individual capacities, do I have your consent to communicate with them directly for the limited purpose of scheduling and serving their individual depositions?

I raised this question expressly in both of my prior meet-and-confer emails and did not receive a response. If your position is that we should proceed directly with the members on scheduling and service, please confirm.

**Charles M. Rubio**

Charles M. Rubio P.C.

Partner

**Parkins & Rubio LLP**

100 Park Avenue, Suite 1600

New York, NY 10017

Direct: 212-763-3331

Mobile: 646-419-0181

crubio@parkinsrubio.com

www.parkinsrubio.com

---

**From:** Mary Elizabeth Heard <meheard@grablemartin.com>
**Sent:** Friday, 28 August 2026 13:51:43
**To:** Charles Rubio <CRubio@ParkinsRubio.com>
**Cc:** jmelko <jmelko@foley.com>; Matthew Furse <mfurse@grablemartin.com>; Marshall Harkins <mharkins@grablemartin.com>; Ricky Hutchens <rhutchens@grablemartin.com>; Vianey Garza <Vianey.Garza@usdoj.gov>; Millie Sall <Millie.Sall@usdoj.gov>; Ha Nguyen <Ha.Nguyen@usdoj.gov>; Jacob Towles <JTowles@ParkinsRubio.com>; Jennifer Selbig <jselbig@grablemartin.com>; Eric Zukoski <ezukoski@grablemartin.com>; Michael Ellis <mellis@grablemartin.com>; Jim Bullock <jbullock@grablemartin.com>; Shelley Hill <SHill@ParkinsRubio.com>
**Subject:** Re: Meet and Confer Regarding Dkt. 453

I am not aware of any subpoena for depositions having been served on the Committee. You are putting the cart before the horse here. My firm does not represent the Committee members in their individual capacities.

Mary Elizabeth Heard

Grable Martin PLLC

7700 Broadway, Ste. 104, PMB 308

San Antonio, Texas 78209

210-572-4925

Grable Martin PLLC

<image001.jpg> <image002.jpg>

Regional Award for

Corporate/Commercial

<image003.jpg>

**From:** Charles Rubio <CRubio@ParkinsRubio.com>
**Sent:** Friday, August 28, 2026 12:47 PM
**To:** Mary Elizabeth Heard <meheard@grablemartin.com>
**Cc:** jmelko <jmelko@foley.com>; Matthew Furse <mfurse@grablemartin.com>; Marshall Harkins <mharkins@grablemartin.com>; Ricky Hutchens <rhutchens@grablemartin.com>; Vianey Garza <Vianey.Garza@usdoj.gov>; Millie Sall <Millie.Sall@usdoj.gov>; Ha Nguyen <Ha.Nguyen@usdoj.gov>; Jacob Towles <JTowles@ParkinsRubio.com>; Jennifer Selbig <jselbig@grablemartin.com>; Eric Zukoski <ezukoski@grablemartin.com>; Michael Ellis <mellis@grablemartin.com>; Jim Bullock <jbullock@grablemartin.com>; Shelley Hill <SHill@ParkinsRubio.com>
**Subject:** Re: Meet and Confer Regarding Dkt. 453

Mary Elizabeth,

I understand that you have other matters requiring your attention. So do we. That is precisely why we have repeatedly attempted to narrow these issues and establish a workable schedule without further motion practice.

With respect to the discovery, I disagree with your characterization. We met and conferred at length on August 18 regarding the discovery issues. During that conference, you specifically took the position that the appropriate witnesses were the Committee members rather than Committee counsel. We accepted that position, withdrew the Grable Martin deposition notices and subpoena, and then wrote to you on August 20 proposing short individual depositions of the two Committee members, asking for their availability, whether you would represent them, and whether you would accept service. We received no response. We followed up again on August 25, served substantially narrowed requests directed to the subjects discussed during the August 18 conference and the allegations in the Committee's newly filed Amended Motion, and again asked you to address scheduling. Again, we received no response.

The motion filed today arises directly from those unresolved discovery and scheduling issues. It does not ask the Court to decide the merits of the Committee's Motion. It asks the Court to establish an orderly process for discovery concerning a motion in which the Committee seeks to disqualify Debtors' counsel, disgorge compensation, appoint a Chapter 11 trustee, and alternatively appoint an examiner. We plainly disagree that the evidence supporting the Committee's own allegations and the statutory predicates for the relief it seeks are irrelevant under Rule 26(b)(1). That issue can now be presented to Judge Lopez.

I also disagree with the continued suggestion that our efforts to obtain discovery constitute sanctionable conduct. We have narrowed the requests repeatedly, withdrawn the deposition of Committee counsel in response to your objection, adopted the alternative witnesses you proposed, and attempted multiple times to resolve scheduling without

Court intervention. If the Committee wishes to seek sanctions for that conduct, we will respond to the motion.

As to Monday, we requested an emergency hearing to address the discovery schedule and related discovery procedures. As reflected in our witness and exhibit list, we do not believe the Court needs to receive evidence to resolve those procedural discovery matters. We therefore are not presently intending to offer testimony from Eliud, Pedro, or Jesus at Monday's hearing. If the Court determines that evidence is necessary, or if an evidentiary hearing is later set on the underlying motions, we will address the applicable witness and remote-testimony procedures at that time.

**Charles M. Rubio**

Charles M. Rubio P.C.

Partner

**Parkins & Rubio LLP**

100 Park Avenue, Suite 1600

New York, NY 10017

Direct: 212-763-3331

Mobile: 646-419-0181

crubio@parkinsrubio.com

www.parkinsrubio.com

---

**From:** Mary Elizabeth Heard <meheard@grablemartin.com>
**Sent:** Friday, 28 August 2026 13:24:45
**To:** Charles Rubio <CRubio@ParkinsRubio.com>
**Cc:** jmelko <jmelko@foley.com>; Matthew Furse <mfurse@grablemartin.com>; Marshall Harkins <mharkins@grablemartin.com>; Ricky Hutchens <rhutchens@grablemartin.com>; Vianey Garza <Vianey.Garza@usdoj.gov>; Millie Sall <Millie.Sall@usdoj.gov>; Ha Nguyen <Ha.Nguyen@usdoj.gov>; Jacob Towles <JTowles@ParkinsRubio.com>; Jennifer Selbig <jselbig@grablemartin.com>; Eric Zukoski <ezukoski@grablemartin.com>; Michael Ellis <mellis@grablemartin.com>; Jim Bullock <jbullock@grablemartin.com>; Shelley Hill <SHill@ParkinsRubio.com>
**Subject:** Re: Meet and Confer Regarding Dkt. 453

Charles:

Believe it or not, we have other cases that require our attention.

In case it wasn't clear from the meet and confer on the 18th regarding the discovery you emailed on the 16th, we will be filing a motion to quash this discovery you sent only three days ago for the same reasons we discussed in the prior motion to quash and the same reasons we repeatedly told

you on the call on the 18th. You have not shown relevance under 26(b)(1). That is the threshold. The motion to quash I'm about to file will again seek sanctions for what is clearly outright discovery abuse, among other things.

I don't recall any meet and confer on the motion you just filed a few minutes ago. I will also be filing an objection to that motion.

Lastly, we object to any remote testimony from Pedro Cepeda, Eliud Cavazos, and Jesus Cepeda. If you want them to testify, they need to come to the courthouse where we can cross-examine them properly. You didn't file a notice regarding that either—thereby failing to follow proper procedures again.

Thanks.

Mary Elizabeth

Mary Elizabeth Heard
Grable Martin PLLC
7700 Broadway, Ste. 104, PMB 308
San Antonio, Texas 78209
210-572-4925

<image001.jpg> **Grable Martin PLLC**

<image002.jpg>
Regional Award for Corporate/Commercial

<image003.jpg>

---

**From:** Charles Rubio <CRubio@ParkinsRubio.com>
**Sent:** Tuesday, August 25, 2026 10:11 AM
**To:** Mary Elizabeth Heard <meheard@grablemartin.com>
**Cc:** jmelko <jmelko@foley.com>; Matthew Furse <mfurse@grablemartin.com>; Marshall Harkins <mharkins@grablemartin.com>; Ricky Hutchens <rhutchens@grablemartin.com>; Vianey Garza <Vianey.Garza@usdoj.gov>; Millie Sall <Millie.Sall@usdoj.gov>; Ha Nguyen <Ha.Nguyen@usdoj.gov>; Jacob Towles <JTowles@ParkinsRubio.com>; Jennifer Selbig <jselbig@grablemartin.com>; Eric Zukoski <ezukoski@grablemartin.com>; Michael Ellis <mellis@grablemartin.com>; Jim Bullock <jbullock@grablemartin.com>; Shelley Hill <SHill@ParkinsRubio.com>
**Subject:** RE: Meet and Confer Regarding Dkt. 453

Mary Elizabeth,

Following up on my email below, attached are the Debtors' and Parkins & Rubio LLP's Second Amended First Requests for Production to the Committee.

These requests account for the Committee's filing of the Amended Motion on August 20, further narrow the discovery requests, and supersede the prior requests. The remaining

requests are focused on the topics we discussed on the August 18 met and confer: Committee authorization, communications with the U.S. Trustee, the asserted best interests of the estates and creditors, and the timing of the requested relief. They also include requests related to the factual and legal predicates for the relief sought in the Amended Motion.

Separately, please let us know your position regarding the two Committee member depositions. In particular, please confirm whether Grable Martin will be representing the individual Committee members for purposes of the depositions and accepting service on their behalf. If you are not representing them, please let us know promptly so that we may approach the members directly for the limited purpose of scheduling and serving their depositions.

As noted previously, we continue to propose taking both depositions during the week of September 14 or, the following week of September 21, with each limited to 3.5 hours on the record. The depositions may be taken remotely for the convenience of the parties.

Please also let us know if our understanding remains correct that the Committee does not intend to call Harney Partners as a witness in connection with the Amended Motion.

Regards,

**Charles M. Rubio**
Direct: 212-763-3331
Mobile: 646-419-0181
crubio@parkinsrubio.com

---

**From:** Charles Rubio
**Sent:** Thursday, August 20, 2026 4:54 PM
**To:** 'Mary Elizabeth Heard' <meheard@grablemartin.com>
**Cc:** jmelko <jmelko@foley.com>; Matthew Furse <mfurse@grablemartin.com>; Marshall Harkins <mharkins@grablemartin.com>; Ricky Hutchens <rhutchens@grablemartin.com>; Vianey Garza <Vianey.Garza@usdoj.gov>; Millie Sall <Millie.Sall@usdoj.gov>; Ha Nguyen <Ha.Nguyen@usdoj.gov>; Jacob Towles <JTowles@ParkinsRubio.com>; Jennifer Selbig <jselbig@grablemartin.com>; Eric Zukoski <ezukoski@grablemartin.com>; Michael Ellis <mellis@grablemartin.com>; Jim Bullock <jbullock@grablemartin.com>; Shelley Hill <SHill@ParkinsRubio.com>
**Subject:** RE: Meet and Confer Regarding Dkt. 453

Mary Elizabeth,

Following up on our meet and confer on Tuesday, attached is the Debtors' and Parkins & Rubio LLP's Notice of Withdrawal of the deposition notices and subpoena directed to Grable Martin PLLC. As reflected in the notice, the withdrawal is without prejudice.

Consistent with the position you expressed during the meet and confer – that the depositions should be directed to the Committee members rather than Committee counsel – we intend to notice the individual depositions of each of the Committee's two members.

This email is intended as a meet and confer regarding scheduling. We propose to take both depositions during the week of September 14. We anticipate using no more than one-half day for each deposition, limited to 3.5 hours of time on the record.

Please let us know if you will appear as counsel for the individuals, or simply attend as Committee counsel. If you will be representing the members, please let us know of their availability during the week of Sept. 14, and whether you will accept service of the notices of deposition to each.

To minimize travel disruptions and scheduling constraints, we can conduct the depositions remotely.

Finally, based on our meet and confer, our understanding is that the Committee does not intend to call Harney Partners as a witness in connection with the Motion to Disqualify. If that understanding is incorrect and the Committee intends to offer testimony from Harney Partners, please let us know. In that event, we would intend to take the appropriate Harney Partners witness deposition before the hearing on the Motion.

Please let us know the Committee members' availability and your position regarding acceptance of service.

Regards,

**Charles M. Rubio**
Direct: 212-763-3331
Mobile: 646-419-0181
crubio@parkinsrubio.com

---

**From:** Charles Rubio <crubio@parkinsrubio.com>
**Sent:** Sunday, August 16, 2026 4:27 PM
**To:** Mary Elizabeth Heard <meheard@grablemartin.com>
**Cc:** jmelko <jmelko@foley.com>; Matthew Furse <mfurse@grablemartin.com>; Marshall Harkins <mharkins@grablemartin.com>; Ricky Hutchens <rhutchens@grablemartin.com>; Vianey Garza <Vianey.Garza@usdoj.gov>; Millie Sall <Millie.Sall@usdoj.gov>; Ha Nguyen <Ha.Nguyen@usdoj.gov>; Jacob Towles <JTowles@ParkinsRubio.com>; Jennifer Selbig <jselbig@grablemartin.com>; Eric Zukoski <ezukoski@grablemartin.com>; Michael Ellis <mellis@grablemartin.com>; Jim Bullock <jbullock@grablemartin.com>
**Subject:** Meet and Confer Regarding Dkt. 453

Mary Elizabeth,

Pursuant to BLR 9013-1, I am writing to meet and confer regarding the Committee's and Grable Martin's Emergency Motion for Protective Order, to Quash, and for Sanctions [Dkt. 453].

Today we served substantially narrowed amended RFPs and an amended Rule 30(b)(6) notice today, which supersede the August 7 discovery. In light of those amendments, I would like to see whether we can narrow the issues that actually need to be presented to the Court.

As I see it, the remaining substantive disputes fall into five principal categories: (1) whether the Debtors and P&R may obtain nonprivileged discovery concerning the Committee's authorization to file and continue prosecuting Dkts. 429, 430, and 431; (2) whether we may obtain discovery concerning the Committee's contention that Motion is in the best interests of the estates and creditors; (4) whether communications with the U.S. Trustee, as a third party, concerning Committee governance, authorization, the Disqualification Motion, and the related issues are discoverable; (4) whether discovery concerning the timing of the Committee's decision to seek the relief requested in Dkt. 431 is relevant and proportional, and (5) whether discovery is permissible concerning the factual basis for the specific allegations and contentions advanced in the Disqualification Motion regarding Parkins & Rubio's alleged non disclosure and concealment, the affiliated debtors being "pro se", Parkins & Rubio's connections, alleged prosecution of estate claims against Parkins & Rubio clients, and the filing of monthly operating reports.

Our objective is to identify as precisely as possible what remains genuinely disputed so that, if Court intervention is necessary, Judge Lopez is presented with a focused set of issues.

Furthermore, with respect to the deposition notice, if the Committee has a Committee witness who could answer the topics, we can withdraw the notice of deposition as to those topics and issue a new notice to the Committee with those topics.

Please let us know by 8:00 a.m. Tuesday whether the Committee and Grable Martin are willing to withdraw Dkt. 453, in whole or in part, or otherwise confer regarding the remaining issues. If we cannot reach agreement, we intend to file a response and will identify for the Court the discrete issues that remain unresolved and our attempts to confer.

Regards,

**Charles M. Rubio**
Direct: 212-763-3331
Mobile: 646-419-0181
crubio@parkinsrubio.com

---

**From:** Mary Elizabeth Heard <meheard@grablemartin.com>
**Sent:** Friday, August 14, 2026 1:04 PM
**To:** Charles Rubio <crubio@parkinsrubio.com>
**Cc:** jmelko <jmelko@foley.com>; Matthew Furse <mfurse@grablemartin.com>; Marshall Harkins <mharkins@grablemartin.com>; Ricky Hutchens <rhutchens@grablemartin.com>; Vianey Garza <Vianey.Garza@usdoj.gov>; Millie Sall <Millie.Sall@usdoj.gov>; Ha Nguyen <Ha.Nguyen@usdoj.gov>; Jacob Towles <JTowles@ParkinsRubio.com>; Jennifer Selbig <jselbig@grablemartin.com>; Eric Zukoski <ezukoski@grablemartin.com>; Michael Ellis <mellis@grablemartin.com>; Jim Bullock <jbullock@grablemartin.com>
**Subject:** Re: M&C in re 57 concrete 25-90818
**Importance:** High

Charles, Jacob, and John:

We will be filing emergency motions to quash the discovery and subpoena, for protective order, along with sanctions. Please advise if you agree to withdraw your discovery and the subpoena by 4 pm. I assume your response will be the same as on August 10th

Thanks.

Mary Elizabeth Heard
Grable Martin PLLC
7700 Broadway, Ste. 104, PMB 308
San Antonio, Texas 78209
210-572-4925

<image001.jpg>

**Grable Martin PLLC**

<image002.jpg>

Regional Award for Corporate/Commercial

<image003.jpg>

---

**From:** Charles Rubio <crubio@parkinsrubio.com>
**Sent:** Monday, August 10, 2026 11:48 AM
**To:** Mary Elizabeth Heard <meheard@grablemartin.com>
**Cc:** jmelko <jmelko@foley.com>; Matthew Furse <mfurse@grablemartin.com>; Marshall Harkins <mharkins@grablemartin.com>; Ricky Hutchens <rhutchens@grablemartin.com>; Vianey Garza <Vianey.Garza@usdoj.gov>; Millie Sall <Millie.Sall@usdoj.gov>; Ha Nguyen <Ha.Nguyen@usdoj.gov>; Jacob Towles <JTowles@ParkinsRubio.com>; Jennifer Selbig <jselbig@grablemartin.com>; Eric Zukoski <ezukoski@grablemartin.com>; Michael Ellis <mellis@grablemartin.com>; Jim Bullock <jbullock@grablemartin.com>; Julia Helgeson <jhelgeson@grablemartin.com>; Shelley Hill <SHill@ParkinsRubio.com>
**Subject:** RE: M&C in re 57 concrete 25-90818

Mary Elizabeth,

Are you referring to September 10 as the Committee's reply deadline on the Motion to Disqualify and the related retention matters?

For the reasons stated in our Motion to Continue, I think the appropriate sequence is that the Committee's reply be due seven days after we file our response. At this point, I do not know when that response will be filed because the timing remains tied to the threshold Committee-governance issue and the U.S. Trustee's review.

Unless the Committee agrees now, unconditionally, to hold our response deadline in abeyance on the terms we proposed, or the Court provides otherwise at the status conference, we intend to file our substantive response to the Motion to Disqualify on Thursday. We are not seeking delay for its own sake. The only reason there has been even a

brief pause in proceeding full speed is the threshold question whether this extraordinarily consequential motion was authorized by the Committee in the first place.

This is not ordinary motion practice. The Committee is seeking to displace existing management through appointment of a Chapter 11 trustee, disqualify my law firm, and disgorge or deny our fees. Those issues require prompt resolution. And, from P&R's perspective, extending this litigation has an immediate practical consequence: the firm is being asked to continue representing the Debtors while a pending motion seeks both our disqualification and the loss of compensation for that work.

For those reasons, I am not presently agreeing to September 10 as a reply date. I expect the scheduling issues, including the response and reply dates, to be addressed by the Court at Wednesday's status conference.

As to the other issues, I disagree that it is inappropriate to raise them at the status conference. We are not asking the Court to adjudicate substantive claims without a motion, notice, or an evidentiary record. We are asking the Court to establish an orderly process for addressing a two-member Committee, disputed authorization of the Motion to Disqualify, Committee counsel's adversity to one of its own members, the U.S. Trustee's ongoing investigation, and the discovery and scheduling issues that flow from those circumstances. That is precisely why we requested a status conference.

Also, are you charging for the appearance of three attorneys at the Cabello status conference today?

**Charles M. Rubio**
Direct: 212-763-3331
Mobile: 646-419-0181
crubio@parkinsrubio.com

---

**From:** Mary Elizabeth Heard <meheard@grablemartin.com>
**Sent:** Monday, August 10, 2026 11:58 AM
**To:** Charles Rubio <crubio@parkinsrubio.com>
**Cc:** jmelko <jmelko@foley.com>; Matthew Furse <mfurse@grablemartin.com>; Marshall Harkins <mharkins@grablemartin.com>; Ricky Hutchens <rhutchens@grablemartin.com>; Vianey Garza <Vianey.Garza@usdoj.gov>; Millie Sall <Millie.Sall@usdoj.gov>; Ha Nguyen <Ha.Nguyen@usdoj.gov>; Jacob Towles <JTowles@ParkinsRubio.com>; Jennifer Selbig <jselbig@grablemartin.com>; Eric Zukoski <ezukoski@grablemartin.com>; Michael Ellis <mellis@grablemartin.com>; Jim Bullock <jbullock@grablemartin.com>; Julia Helgeson <jhelgeson@grablemartin.com>; Shelley Hill <SHill@ParkinsRubio.com>
**Subject:** Re: M&C in re 57 concrete 25-90818

Will you agree to sept 10th as the reply date? I have a bunch of other matters scheduled all at the same time. You are traveling this time of year. As am I. My partners have commitments as well. I was trying to avoid the jam around the end of august and Labor Day weekend.

If this will settle the issues, then we can file a stip and avoid wasting the court's time.

As for the rest of your complaints, those are not to be raised at a status conference. That is wholly inappropriate. File a motion, and we can litigate on a schedule.

Mary Elizabeth Heard
Grable Martin PLLC
7700 Broadway, Ste. 104, PMB 308
San Antonio, Texas 78209
210-572-4925

<image001.jpg> **Grable Martin PLLC**

<image002.jpg>
Regional Award for Corporate/Commercial

<image003.jpg>

---

**From:** Charles Rubio <crubio@parkinsrubio.com>
**Sent:** Monday, August 10, 2026 10:10 AM
**To:** Mary Elizabeth Heard <meheard@grablemartin.com>
**Cc:** jmelko <jmelko@foley.com>; Matthew Furse <mfurse@grablemartin.com>; Marshall Harkins <mharkins@grablemartin.com>; Ricky Hutchens <rhutchens@grablemartin.com>; Vianey Garza <Vianey.Garza@usdoj.gov>; Millie Sall <Millie.Sall@usdoj.gov>; Ha Nguyen <Ha.Nguyen@usdoj.gov>; Jacob Towles <JTowles@ParkinsRubio.com>; Jennifer Selbig <jselbig@grablemartin.com>; Eric Zukoski <ezukoski@grablemartin.com>; Michael Ellis <mellis@grablemartin.com>; Jim Bullock <jbullock@grablemartin.com>; Julia Helgeson <jhelgeson@grablemartin.com>; Shelley Hill <SHill@ParkinsRubio.com>
**Subject:** RE: M&C in re 57 concrete 25-90818

Mary Elizabeth,

I do not oppose the Committee seeking leave to file a sur-reply, provided the sur-reply is limited to matters the Committee contends were first raised in the replies or revised proposed orders. If the sur-reply raises additional factual allegations, new legal theories, or new requests for relief, we reserve the right to seek leave to respond.

As to John's role, I believe he has already explained it directly. John's role is limited. He represents P&R in connection with matters directed at P&R, including the Motion to Disqualify, the retention and fee issues. That is why his signature block appears on certain filings and discovery involving P&R, but not on every filing made by the Debtors. Nothing about my filing a reply on behalf of the Debtors or P&R means that John is no longer involved. Please continue copying him on matters directed at P&R or otherwise within that limited representation.

I also do not agree with your characterization that the pending motions have been mooted.

The Seal Motion is not moot. The Reply narrows and clarifies the relief in response to the Committee's objection, but the Debtors continue to request that the identified materials remain under seal. The Committee's public disclosure of the fiduciary-duty accusation

certainly changed the circumstances, but it did not place the underlying correspondence and other sealed materials on the public docket, nor did it eliminate the Debtors' request to protect those materials.

The Motion to Continue likewise is not moot. We did not agree that August 27 should simply become the response deadline. We proposed August 27 as an outside date to eliminate the Committee's objection that the requested continuation was potentially indefinite. The requested deadline remains seven days after the U.S. Trustee advises the parties that its threshold review is complete, subject to that outside date. We also continue to request coordination of the related retention deadlines and application of the ordinary reply period.

And the Status Conference Motion plainly remains live. The Committee has only two members. Committee counsel has now publicly accused one of those two members of breaching fiduciary duties, that member reportedly disputes authorization of the Motion to Disqualify, and the U.S. Trustee is reviewing the matter. A status conference under section 105(d) is appropriate. We have narrowed the immediate issues substantially—we are not asking to attend U.S. Trustee interviews, we are not presently seeking estate-funded individual counsel, and we are not asking the Court at the conference to adjudicate the alleged fiduciary breach or disqualify Committee counsel—but those clarifications do not eliminate the underlying governance issue.

For the same reasons, we are not withdrawing the Rule 9011 notices or the discovery. The Rule 9011 notices provide the corrective opportunities contemplated by the Rule. The discovery relates to the Motion to Disqualify, which seeks disqualification of Debtors' counsel, disgorgement or denial of compensation, and appointment of a Chapter 11 trustee. The fact that the Committee disagrees with the scope of that discovery does not provide a basis for us to withdraw it wholesale. The Committee can assert particular privilege, relevance, proportionality, or other objections in the ordinary course.

I also do not agree that the appropriate way to resolve the Committee's threatened § 1927 motion is for the Debtors and P&R to withdraw all pending motions, discovery, and Rule 9011 notices. The filings and discovery were undertaken for proper and legitimate litigation purposes. Of course, if the Committee believes otherwise, it can pursue whatever relief it believes appropriate, and we will respond.

That said, I remain willing to discuss genuine procedural agreements that narrow disputes and save estate resources. If you have a proposed stipulation addressing scheduling or another discrete procedural matter, please send it. But we are not prepared to withdraw legitimate motions, discovery, and safe-harbor notices.

**Charles M. Rubio**
Direct: 212-763-3331
Mobile: 646-419-0181
crubio@parkinsrubio.com

---

**From:** Mary Elizabeth Heard <meheard@grablemartin.com>
**Sent:** Monday, August 10, 2026 10:41 AM

**To:** Charles Rubio <crubio@parkinsrubio.com>
**Cc:** jmelko <jmelko@foley.com>; Matthew Furse <mfurse@grablemartin.com>; Marshall Harkins <mharkins@grablemartin.com>; Ricky Hutchens <rhutchens@grablemartin.com>; Vianey Garza <Vianey.Garza@usdoj.gov>; Millie Sall <Millie.Sall@usdoj.gov>; Ha Nguyen <Ha.Nguyen@usdoj.gov>; Jacob Towles <JTowles@parkinsrubio.com>; Jennifer Selbig <jselbig@grablemartin.com>; Eric Zukoski <ezukoski@grablemartin.com>; Michael Ellis <mellis@grablemartin.com>; Jim Bullock <jbullock@grablemartin.com>; Julia Helgeson <jhelgeson@grablemartin.com>
**Subject:** M&C in re 57 concrete 25-90818

Charles:
The committee plans to file a sur reply and the accompanying motion for leave to file sur reply. This is based on your newly raised arguments / proposed orders.
Please let me know if you oppose. Also it would be helpful if you or John could define John's role in these matters. Some pleadings include his signature block and some don't. His signature block is attached to the discovery. You filed a reply on behalf of your firm without his signature. Does that mean he is no longer involved? If so, I won't include him on further correspondence. At this point, in addition to you, John is a subject of the 28 USC 1927 motion. Perhaps you should both further consider taking all of this down since the seal motion is mooted by your reply, and the same with the continuance motion. You've essentially agreed to August 27th as an outside date. It appears that all that is left of the three motions is your agreement to an extension for our reply. We could handle that in a stip.
Again, if you take all of this down, withdraw your now two rule 11 letters, all the discovery you emailed on Friday afternoon, we could resolve the 1927 motion too and save the Court and the parties a lot of time. Obviously if you withdraw everything, I won't need to file a sur reply either.
Please respond.
Thanks

Mary Elizabeth Heard
Grable Martin PLLC
7700 Broadway
Suite 104 PMB 308
San Antonio, Texas 78209
meheard@grablemartin.com
210-572-4925

On Aug 10, 2026, at 08:28, Charles Rubio <crubio@parkinsrubio.com> wrote:

Ms. Saldana:

Following up on Committee counsel's email below, the Debtors have now filed their replies to the Committee's objections concerning the pending emergency motions and Motion to Seal.

For the Court's convenience, attached are:

1. the Debtors' Reply in Support of the Motion to File Under Seal [Dkt. 444], responding to the Committee's objection at Dkt. 442; and
2. the Debtors' and Parkins & Rubio LLP's Omnibus Reply in Support of the Emergency Motion to Continue and Emergency Motion for an Expedited Status Conference [Dkt. 445], responding to the Committee's omnibus objection at Dkt. 443.

The replies include revised proposed orders reflecting the narrowing and clarification of the relief requested.

I also wanted to advise the Court of a preexisting travel commitment in the event the Court is considering the timing of a hearing or status conference. I will be traveling to Bogotá, Colombia with my daughter, who will be turning 17 during the trip. This trip was planned well in advance, including before my law partner's recent passing. I expect to be in transit and effectively unavailable on Friday, August 14. Otherwise, I will be available remotely during the trip which will last through August 23.

I wanted to provide that information now simply so the Court has it when considering scheduling.

Counsel to the Committee and the U.S. Trustee are copied on this email.

Thank you,

**Charles M. Rubio**
Direct: 212-763-3331
Mobile: 646-419-0181
crubio@parkinsrubio.com

---

**From:** Mary Elizabeth Heard <meheard@grablemartin.com>
**Sent:** Sunday, August 9, 2026 8:08 PM
**To:** Rosario Saldana <rosario_saldana@txs.uscourts.gov>
**Cc:** Charles Rubio <crubio@parkinsrubio.com>; jmelko <jmelko@foley.com>; Matthew Furse <mfurse@grablemartin.com>; Marshall Harkins <mharkins@grablemartin.com>; Ricky Hutchens <rhutchens@grablemartin.com>; Mary Elizabeth Heard <meheard@grablemartin.com>; Vianey Garza <vianey.garza@usdoj.gov>; Millie Sall <millie.sall@usdoj.gov>
**Subject:** 25-90818 57 Concrete - Committee's Objections to Debtors' emergency motions at dkt no 436 and 437

Ms. Saldana:

The Debtors filed two emergency motions (dkt. 436 and 437) on Friday August 7th. I have attached the committee's omnibus objection to those motions (dkt. 443). For

your convenience, I have also attached the UCC's objection to the motion to seal at dkt no. 438. The UCC's objection to the Seal Motion is at dkt no. 442.

Thank you.

Mary Elizabeth Heard
Grable Martin PLLC
7700 Broadway, Ste. 104, PMB 308
San Antonio, Texas 78209
210-572-4925

**Grable Martin PLLC**

**Regional Award for Corporate/Commercial**

Confidentiality Notice: The information contained in this communication is strictly limited to the recipient intended by the sender of this communication. This email, and any attachments, may contain confidential attorney-client privileged information and attorney work product. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email and destroy this communication and all copies thereof, including all attachments. ***DISCLAIMER*** Per Treasury Department Circular 230: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Confidentiality Notice: The information contained in this communication is strictly limited to the recipient intended by the sender of this communication. This email, and any attachments, may contain confidential attorney-client privileged information and attorney work product. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email and destroy this communication and all copies thereof, including all attachments. ***DISCLAIMER*** Per Treasury Department Circular 230: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
Confidentiality Notice: The information contained in this communication is strictly limited to the recipient intended by the sender of this communication. This email, and any attachments, may contain confidential attorney-client privileged information and attorney work product. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email and destroy this communication and all copies thereof, including all attachments. ***DISCLAIMER*** Per Treasury Department Circular 230: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
Confidentiality Notice: The information contained in this communication is strictly limited to the recipient intended by the sender of this communication. This email, and any attachments, may contain confidential attorney-client privileged information and attorney work product. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email and destroy this communication and all copies thereof, including all attachments. ***DISCLAIMER*** Per Treasury Department Circular 230: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
Confidentiality Notice: The information contained in this communication is strictly limited to the recipient intended by the sender of this communication. This email, and any attachments, may contain confidential attorney-client privileged information and attorney work product. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email and destroy this communication and all copies thereof, including all attachments. ***DISCLAIMER*** Per Treasury Department Circular 230: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
Confidentiality Notice: The information contained in this communication is strictly limited to the recipient intended by the sender of this communication. This email, and any attachments, may contain confidential attorney-client privileged information and attorney work product. Unauthorized use, disclosure or copying of this communication or any part

thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email and destroy this communication and all copies thereof, including all attachments. ***DISCLAIMER*** Per Treasury Department Circular 230: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Confidentiality Notice: The information contained in this communication is strictly limited to the recipient intended by the sender of this communication. This email, and any attachments, may contain confidential attorney-client privileged information and attorney work product. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email and destroy this communication and all copies thereof, including all attachments. ***DISCLAIMER*** Per Treasury Department Circular 230: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Confidentiality Notice: The information contained in this communication is strictly limited to the recipient intended by the sender of this communication. This email, and any attachments, may contain confidential attorney-client privileged information and attorney work product. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email and destroy this communication and all copies thereof, including all attachments. ***DISCLAIMER*** Per Treasury Department Circular 230: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

<Email to Mary Elizabeth 7.22.26.pdf>