IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| 57 CONCRETE LLC, *et al.*,[1] | § | CASE NO. 25-90818-cml |
| | § | |
| DEBTORS. | § | (Jointly Administered) |

**MOTION FOR RELIEF FROM AUTOMATIC STAY REGARDING VEHICLES, OR ALTERNATIVELY, MOTION FOR ADEQUATE PROTECTION AND INSPECTION OF COLLATERAL**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

**This is a motion for relief from the automatic stay. If it is granted, the movant may act outside of the bankruptcy process. If you do not want the stay lifted, immediately contact the moving party to settle. If you cannot settle, you must file a response and send a copy to the moving party at least 7 days before the hearing. If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the court may rule. Represented parties should act through their attorney.**

**A hearing will be conducted on this matter on October 6, 2026 at 10:00 am before the Honorable Christopher M. Lopez, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of Texas, 515 Rusk Avenue, Courtroom 402, 4th floor, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection. Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge 's home page. The meeting code is "Judge Lopez." Click the settings icon in the upper right corner and enter your name under the personal information setting. Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

[1] The jointly administered Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: 57 Concrete LLC ("57 Concrete") (0886), 57 Fuels LLC ("Fuels") (5550), 57 Logistics LLC ("Logistics") (4104), and 57 RGV Machinery LLC ("RGV") (7906). The Debtors' service address is 4877 Western Road, Mission, Texas 78574.

NOW COMES PACCAR Financial Corp. ("Movant" or "PACCAR"), and files this Motion for Relief from Automatic Stay Regarding Vehicles, or Alternatively, Motion for Adequate Protection and Inspection of Collateral (the "Motion") and in support thereof would respectfully show the Court the following:

## I. JURISDICTION

1. This is a proceeding under Bankruptcy Rules 4001 and 9014, seeking relief under Section 362(d) of the Bankruptcy Code. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Section 1334 and Section 362 of the Bankruptcy Code. This is a core proceeding under 28 U.S.C. Section 57.

## II. RELEVANT FACTS

2. 57 Concrete LLC ("57 Concrete") filed its voluntary petition for relief in bankruptcy case # 25-90818 on December 19, 2025 (the "First Petition Date"). On March 26, 2026 (the "Second Petition Date"), 57 Fuels LLC ("57 Fuels"), 57 Logistics LLC ("57 Logistics"), and 57 RGV Machinery LLC ("RGV") filed their voluntary petitions for relief.

### A. The Agreement

2. Prior to the First Petition Date, on or about April 10, 2025, 57 Concrete, as buyer, and Movant, as secured party, entered into a Direct Loan Security Agreement (the "Agreement'), whereby 57 Concrete obtained financing for the following four (4) vehicles (the "Vehicles") for $829,587.83 at 8.99% interest:

| Description | VIN |
|---|---|
| 2025 Kenworth T880 with body S/N 105HP2420058 | 1NKZLK0X3SJ175832 |
| 2025 Kenworth T880 with body S/N 105HP2420063 | 1NKZLK0X2SJ175837 |
| 2025 Kenworth T880 with body S/N 105HP2420064 | 1NKZLK0X4SJ175838 |
| 2025 Kenworth T880 with body S/N 105HP2420065 | 1NKZLK0X6SJ175839 |

3. A true and correct copy of the Agreement and all amendments thereto is attached hereto and incorporated by reference for all purposes as Exhibit "A."

4. Pursuant to the terms of the Agreement, 57 Concrete was to make seventy-two (72) monthly payments to PACCAR in the amount of $15,006.35 each commencing on May 25, 2025.

5. Pursuant to the terms of the Agreement, Movant was granted a security interest in the Vehicles. PACCAR duly perfected its security interest in the Vehicles by notating its security interest on the Vehicles' respective Texas Certificates of Title. True and correct copies of the Vehicles' respective Electronic Title Copies are collectively attached hereto and incorporated herein as Exhibit "B."

6. Prior to the First Petition Date, 57 Concrete failed to make the payment when due on November 25, 2025. Accordingly, prior to the First Petition Date, 57 Concrete was in default under the terms of the Agreement. PACCAR has accelerated the maturity of the Agreement in accordance with its terms, and has declared the entire unpaid balance due and owing as to the Agreement. As of the First Petition Date, the amount due under the Agreement after accounting for all just and lawful offsets is $791,107.08. A true and correct copy of the Summary of Account is attached hereto and incorporated herein as Exhibit "C."

**B. 57 Concrete's Equity and Depreciation**

36. The estimated aggregate fair market value of the Vehicles is $805,320.00. The debt that 57 Concrete owes PACCAR is $791,107.08. Therefore, 57 Concrete has minimal, if any equity in the Vehicles.

37. In addition to the foregoing, the Vehicles are subject to continued and rapid depreciation with continued use by the 57 Concrete. 57 Concrete continues to use the Vehicles in its operations, but no arrangements have been made to adequately protect PACCAR.

38. PACCAR seeks to repossess the 57 Concrete and locate a potential buyer, but first seeks relief from this Court from the Automatic Stay so that a repossession and subsequent sale may take place. PACCAR also seeks to inspect the Vehicles to assess their current condition and ensure that the Vehicles are being properly maintained and stored.

## III. Relief from Stay

39. By reason of the foregoing, PACCAR requests the Court terminate the automatic stay so PACCAR may exercise all of its rights and remedies against the Vehicles under state law, including, *inter alia*, foreclosing its first priority security interests in the Vehicles. A court shall grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest[.]" 11 U.S.C. § 362(d)(1). "Cause" is not defined in title 11, which therefore requires bankruptcy courts to determine whether cause exists on a case-by-case basis. *In re Reitnauer*, 152 F.3d 341, 343, n.4 (5th Cir. 1998).

40. In the instant matter, no sufficient adequate protection has been offered by 57 Concrete to PACCAR. If adequate protection cannot be offered, such use, sale or lease of the collateral must be prohibited." 3 Collier On Bankruptcy ¶ 363.05[2] (16th ed. 2016); *In re First South Sav. Assoc.*, 820 F.2d 700, 710 (5th Cir. 1987) (the focus of adequate protection "is protection of the secured creditor from diminution in the value of its collateral during the reorganization process."); *In re Bufford*, 343 B.R. 827, 838 (Bankr. N.D. Tex. 2006) ("adequate protection must be given to secured creditors, or they may ask that the automatic stay imposed by § 362(a) be lifted"); 3 Collier ¶ 363.05[2]. "[A]n interest is not adequate protected if the security is depreciating during the term of the stay." *United Sav. Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd*. 484 U.S. 365, 369 (1988). "[I]n proceeding arising under § 362(d)(1), the debtor must prove that the secured creditor's interest is adequately protected, or the automatic stay will lift." *In re Timbers of Inwood Forest Assoc., Ltd.*, 793 F.2d 1380, 1388 (5th Cir. 1986), affirmed, 484 U.S. 365 (1988).

41. Cause exists to lift the automatic stay pursuant to 11 U.S.C. §362(d)(1) as to the Vehicles because: (1) 57 Concrete has made no arrangements to adequately protect PACCAR's ownership and/or perfected security interest in the Vehicles, (2) it is unclear whether 57 Concrete is properly storing and maintaining the Vehicles during the pendency of this bankruptcy; (3) the Vehicles continue to depreciate and the continued possession and use by the 57 Concrete while, on the other hand, Debtor is currently under no obligation to compensate or adequately protect Movant from such depreciation; and (4) it appears that Debtor has no or very limited equity in the Vehicles.

42. For all of the foregoing reasons, it is respectfully submitted that PACCAR's security interest in the Vehicles is not adequately protected, and therefore sufficient grounds exist to warrant lifting the stay as to the Vehicles pursuant to 11 U.S.C. § 362(d)(1).

43. PACCAR also requests relief from stay pursuant 11 U.S.C.A. § 362(d)(2) because the 57 Concrete has no equity in any of the Vehicles as PACCAR's claim amount under the Agreement is near or greater than the fair market value of the Vehicles. Further, the Vehicles are not believed to be necessary for 57 Concrete's effective reorganization.

44. Alternatively, PACCAR seeks an order requiring 57 Concrete to adequately protect PACCAR's interest in the Vehicles as set forth herein, and PACCAR requests an inspection of the Vehicles to ensure they are being properly stored and maintained.

45. PACCAR requests that an order granting its motion for relief from automatic stay, if such order should be entered, will be effective immediately upon entry and that the provisions of Rule 4001(a)(3) should be waived and PACCAR be permitted to immediately enforce and implement the order granting relief from the automatic stay.

46. To the extent the Court determines 57 Concrete has any equity in the Vehicles, PACCAR further requests the reimbursement of its attorneys' fees for the filing of this motion.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, PACCAR requests that this matter be set for a hearing, as provided in Sections 362(e) and 1301(d) of the Bankruptcy Code and that the Court enter an Order granting PACCAR's relief from the Automatic Stay to permit PACCAR to foreclose its liens on the Vehicles as prayed for in this motion, award PACCAR its attorneys' fees to the extent there exists any equity in the Vehicles, grant annulment of the automatic stay, or alternatively, grant PACCAR adequate protection prior to the confirmation of any Chapter 11 Plan by the Debtor as a result of Debtor's continued use and possession of the Vehicles along with a right of inspection of such Vehicles, and grant to PACCAR such other and further relief to which it may be justly entitled.

**Respectfully submitted,**

PADFIELD & STOUT, L.L.P.
100 Throckmorton Street, Suite 700
Fort Worth, Texas 76102
(817) 338-1616 Telephone
(817) 338-1610 Facsimile

/s/ *Matthew D. Giadrosich*
Matthew D. Giadrosich
State Bar ID #24074274
mdg@padfieldstout.com
Matthew J. McGowan
State Bar ID #24098077
mmcgowan@padfieldstout.com
Jessica N. Alt
State Bar I.D. #24127981
jalt@padfieldstout.com

*Attorneys for PACCAR Financial Corporation*

**CERTIFICATE OF CONFERENCE**

I certify that on September 2, 2026, I conferred with counsel for Debtor regarding the relief requested in this motion, and Debtor's counsel is opposed. Therefore, this Motion is presented to the Court for determination.

/s/ *Matthew D. Giadrosich*
Matthew D. Giadrosich

**CERTIFICATE OF SERVICE**

I certify that on Friday, September 4, 2026, a true and correct copy of the foregoing document was served by electronic mail via the Court's ECF system to all parties authorized to receive electronic notices.

/s/ *Matthew D. Giadrosich*
Matthew D. Giadrosich