United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 08, 2026
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>57 Concrete LLC, *et al.*,[1]<br><br>Debtor. | Case No. 25-90818 (CML)<br><br>Chapter 11<br><br>(Jointly Administered) |

**STIPULATION AND AGREED ORDER**
**REGARDING ADEQUATE PROTECTION TO ALLY FINANCIAL**

Ally Bank (the "Lender") and 57 Concrete LLC, as debtor and debtor in possession, in the above-captioned chapter 11 case (the "Debtor" and together with the Lender, the "Parties"), have entered into this Stipulation and Agreed Order Regarding Adequate Protection (this "Stipulation"). This Stipulation is subject to entry of an agreed order (the "Order") approving this Stipulation by the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). IT IS HEREBY STIPULATED AND AGREED by the Parties as follows:

A. On December 19, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the Court commencing the above-captioned chapter 11 case (the "Bankruptcy Case").

B. The Debtor continues to operate its business and manage its property as debtor-in-possession pursuant to §§ 1107 and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code").

[1] The jointly administered Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: 57 Concrete LLC ("57 Concrete") (0886), 57 Fuels LLC ("Fuels") (5550), 57 Logistics LLC ("Logistics") (4104), and 57 RGV Machinery LLC ("RGV") (7906). The Debtors' service address is 4877 Western Road, Mission, Texas 78574.

C. In the Bankruptcy Case, the Debtor has scheduled that as of the Petition Date, the Debtor was indebted to Ally Financial (the "Lender") in an amount not less than $873,383.39 (the "Scheduled Indebtedness"). The Scheduled Indebtedness is evidenced by (i) certain Motor Vehicle Retail Installment Sales Contracts (each, a "Retail Installment Contract") entered into by the Debtor in favor of the Lender in connection with the purchase and financing of certain motor vehicles, each executed on various dates in 2023, 2024, and 2025, with original principal amounts aggregating approximately $1,108,336.20, (ii) all related promissory notes and security agreements contained therein, (iii) all certificates of title and title lien notation documents evidencing the Lender's liens on the financed vehicles, and (iv) all other agreements, instruments, schedules, and ancillary documents executed in connection therewith (as each has been amended, restated, supplemented, or otherwise modified from time to time, collectively, the "Loan Documents"), including, without limitation, those certain vehicles identified on the Equipment Schedule attached hereto, consisting of approximately twenty (20) vehicles, including multiple Chevrolet Silverado and Colorado pickup trucks, GMC Sierra and Canyon pickup trucks, a 2024 Jeep Grand Cherokee (VIN 1C4RJKBG2R8934301), and a Hummer (VIN 1GKB0RDC7RU100639). The prepetition obligations of the Debtor to the Lender arising under the Loan Documents are collectively defined herein as the (the "Obligations").

D. The Loan Documents include references to specific equipment serving as collateral for the scheduled Indebtedness (the "Collateral").[2] Such equipment (the "Equipment") is set forth in the schedule attached hereto as an exhibit (the "Equipment Schedule").

E. The Loan Documents also include certain guaranties of the Obligations (each, a

[2] In addition to the Equipment, the Collateral includes attachments, accessions, proceeds of the Equipment and/or such other property as more particularly described in the Loan Documents.

"Guaranty") that include a Guaranty executed by Eliud R. Cavazos ("Cavazos") and a Guaranty executed by Jesus Cepeda ("Cepeda" and together with Cavazos, the "Guarantors"). Cavazos and Cepeda are the 100% members and two managers of the Debtor.

F. The Parties agree that so long as the Debtor is not in default under this Stipulation and Order, the Lender agrees to and shall forbear from pursuing litigation against the Guarantors on their respective guaranties (the "Guaranties") or exercising remedies against the Guarantors.

G. If any action has been filed by the Lenders against the Guarantors and the forbearance terminates pursuant to the Stipulation, the Lender shall then provide the Guarantors with written notice of continuation of the action and give the Guarantors the longer of thirty (30) days or the otherwise applicable response deadline to answer or respond to any complaint, motion, or other responsive pleading.

H. Nothing herein shall constitute a waiver of any rights of the Debtor, the estate, or any party in interest to challenge the validity, extent, priority, or enforceability of the Lender's liens or claims, except as expressly set forth in this Stipulation.

I. Except as specifically provided in this Stipulation, nothing herein shall be deemed to alter, amend, waive, or otherwise affect any of the terms, rights, remedies, or obligations set forth in the Loan Documents.

J. The Debtor and the Lender desire to enter into this Stipulation to address and resolve issues concerning adequate protection and/or modification of the automatic stay with respect to the Equipment on the terms and conditions set forth herein.

K. The Debtor stipulates and agrees that: (i) absent prior written consent of the Lender or further order of this Court after notice and hearing, the Debtor shall not use the Equipment other than in the ordinary course of its business; (ii) absent prior written consent of the Lender or further

order of this Court, the Debtor shall not sell, lease, assign, encumber, hypothecate, or otherwise transfer any interest in the Equipment; (iii) the Debtor shall maintain insurance coverage on the Equipment in accordance with the requirements of the Loan Documents and in amounts no less than those in effect as of the Petition Date; (iv) the Debtor shall maintain and preserve the Equipment in good working order and condition, ordinary wear and tear excepted; (v) the Debtor shall be identified as the named insured under all insurance policies covering the Equipment; (vi) the Lender shall be identified as sole loss payee and additional insured with respect to the Equipment; (vii) the Lender shall have the right to inspect the Equipment no more than once per year; and (viii) the Debtor is the sole owner and user of the Equipment and as such no other legal entity other than the Debtor utilizes or otherwise contributes to diminution in value of the Equipment.

L. This Stipulation shall become effective only upon entry of an agreed Order by the Bankruptcy Court approving the Stipulation. Except as expressly provided herein, nothing contained in this Stipulation shall be binding for any purpose prior to entry of said order.

NOW, THEREFORE, THE PARTIES STIPULATE AND AGREE AND THE BANKRUPTCY COURT HEREBY ORDERS that:

1. The Adequate Protection Payments and other protections provided to the Lender pursuant to this Stipulation constitute the adequate protection approved by this Court for the Lender's interests in the Equipment and any other Collateral under the Loan Documents, pursuant to section 361 of the Bankruptcy Code, until further order of the Court.

2. Commencing on August 1, 2026, and until further order of the Court (the "Adequate Protection Payment Period"), the Debtor shall make adequate protection payments to the Lender as follows (each, a "Monthly Payment" and collectively "Adequate Protection Payments") a payment as to each Equipment as set forth in the attached scheduled on the first (1st) day of each

month (the "Payment Date"), for an aggregate monthly payment in the amount of $8,534.82, and such payments shall be made independently as to each Equipment, indicating on said payment the account or Equipment to which they are to be applied.

3. Each Monthly Payment shall be due on the Payment Date, provided that if a Payment Date is a Saturday, Sunday, or legal holiday, then the Payment Date shall be the next day that is not a Saturday, Sunday, or legal holiday; provided further that if the Bankruptcy Court enters the order approving the Stipulation after any of the Monthly Payments would otherwise be due, then the Debtor shall pay such Monthly Payments within three (3) business days of entry of the order (each such date, a "Due Date")

4. Each Adequate Protection Payment shall be applied by the Lender solely to reduce the principal balance of its asserted secured claim unless otherwise agreed in writing.

5. Notwithstanding anything to the contrary herein, if the Debtor and the Lender mutually agree to the sale of any of the Equipment during the Adequate Protection Payment Period, such sale may be consummated without further order of this Court. In connection with any such consensual sale: (i) the Debtor and the Lender may agree to reduce the Adequate Protection Payments to reflect the disposition of the applicable Equipment; and (ii) the Debtor and the Lender may agree upon the allocation and application of the net sale proceeds to reduce the Obligations. Any such agreement shall be documented in writing and filed on the docket in this Bankruptcy Case.

6. The parties acknowledge that the following vehicles have been determined to be losses and are therefore not included among the retained collateral: (i) 2023 Chevrolet Colorado #4686, with a principal balance as of the Petition Date of $8,646.11; and (ii) 2023 Chevrolet Colorado #4350, with a principal balance as of the Petition Date of $30,995.79 (collectively, the

"Loss Vehicles"). As treatment for the Loss Vehicles, the Debtor shall remit to Lender any insurance proceeds, casualty proceeds, or other recoveries received with respect to the Loss Vehicles. To the extent the application of such proceeds does not satisfy the Lender's claim with respect to the Loss Vehicles in full, the Lender shall be entitled to an unsecured deficiency claim for the remaining balance, subject to reconciliation and allowance under the Bankruptcy Code.

7. It shall constitute an event of default if any payment required under this Stipulation is not received by the Lender on or before the Due Date, time being of the essence, in full and in good funds. The Lender shall provide written notice of default to the Debtor, counsel to the Debtor, counsel to any official committee appointed in the Bankruptcy Case, and the United States Trustee (collectively, the "Default Notice Parties"), and the Debtor shall have ten (10) days from receipt of such Default Notice to cure the default. Failure to timely cure shall entitle the Lender to file a Notice of Termination ("Notice") of stay and the Automatic Stay shall terminate as to the indicated Equipment 14 days after filing of the Notice, unless an objection to the Notice is filed by the Debtor or another party in interest. To the extent relief from the Automatic Stay is granted to the Lender pursuant to this paragraph, such relief shall also be granted to Hidalgo County to prevent irreparable damage to Hidalgo County's interest in property, as provided by section 362(f) of the Bankruptcy Code.

8. The provisions of this Stipulation shall terminate, at the option of the Lender, upon the occurrence of any of the following events: (i) the Debtor sells, leases, assigns, encumbers, hypothecates, or otherwise transfers any interest in the Equipment without the prior written consent of the Lender or further order of this Court; (ii) the Debtor discontinues or is ordered to discontinue the operation of its business in the ordinary course; (iii) this Bankruptcy Case is converted to a case under Chapter 7 of the Bankruptcy Code; (iv) a trustee or examiner with expanded powers is

appointed in this case; or (v) absent the consent of the Lender or further order of this Court, the automatic stay under 11 U.S.C. § 362 is terminated, annulled, modified, or conditioned in favor of any other creditor with respect to the Equipment. Upon the occurrence of any of the foregoing events, and to the extent the Equipment is in the possession of the Debtor, the Debtor shall immediately surrender the Equipment to the Lender upon written demand, unless the Parties agree otherwise in writing. If the Equipment is not timely surrendered, the Lender may seek Expedited Relief.

9. Upon confirmation of a chapter 11 plan, this Stipulation will be of no force and effect and the terms of such chapter 11 plan will control.

10. Upon dismissal of this case, the Lender shall thereafter be entitled to exercise its rights and remedies in accordance with the Loan Documents without further notice as provided herein.

11. Nothing contained in this Stipulation or this order shall: (i) preclude the Lender from seeking recovery of the full amount of its asserted claim, including principal, interest, fees, and costs, in connection with any sale of the Equipment or confirmation of a plan of reorganization; (ii) constitute a determination of the value of the Equipment; (iii) constitute an allowance of the Lender's claim; (iv) constitute a finding as to the validity, perfection, priority, or extent of the Lender's liens; or (v) determine the extent to which adequate protection payments shall ultimately be applied against any allowed secured claim. All rights of the Debtor, the estate, and any party in interest with respect to the foregoing issues are expressly preserved.

12. If any legal entity other than the Debtor utilizes or otherwise contributes to diminution in value of the Equipment then the debtor will notify counsel for the unsecured creditors committee within seven (7) days of such use or other contribution to the diminution in

value of the Equipment.

13. Nothing contained in the Stipulation and this Order shall be deemed or construed as the Lender's acceptance of any plan of reorganization filed in this case. Except as may be provided in this Stipulation and Order, nothing contained herein shall be deemed or construed to be a waiver of any rights the Debtor or Lender may have under the Bankruptcy Code, applicable law, or the Loan Documents.

14. This Stipulation may not be modified, amended, or supplemented except by written agreement of the Parties or by further order of this Court entered after notice and a hearing, which hearing may be waived by the Parties.

15. Nothing in this order shall be construed to stay, release, impair, or otherwise affect the Lender's rights and remedies against the Guarantors under any Guaranty or applicable nonbankruptcy law; subject to the Stipulations of the Parties set forth herein.

16. Except as may be provided in this Stipulation, the rights of the Guarantors are preserved.

Signed: September 08, 2026

Christopher Lopez
United States Bankruptcy Judge

STIPULATED AND AGREED TO:

**PARKINS & RUBIO LLP**

*/s/ Charles M. Rubio*
Charles M. Rubio
TX Bar No. 24083768
Jacob T. Towles
TX Bar No. 24125065
708 Main St., Fl 10
Houston, TX 77002
Email: crubio@parkinsrubio.com
jtowles@parkinsrubio.com
Phone: 212-763-3331

***Counsel to the Debtor***

**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C**

*/s/ Patrick M. Lynch*
Patrick M. Lynch
TX Bar No. 24065655
2200 Ross Ave.
Suite 2400
Dallas, TX 75201
Email: plynch@qslwm.com
Phone: 214-871-2100

***Counsel to Ally Bank***

**Equipment Schedule**

| Collateral | VIN/Serial | Description | Diminution Value |
|---|---|---|---|
| 2023 Chevrolet Silverado #8684 | 2GCUDDED9P1118684 | Pick Up Truck | $608.67 |
| 2024 Chevrolet Silverado #0111 | 2GCUDAED7R1270111 | Pick Up Truck | $500.72 |
| 2024 GMC Sierra 3500 #5021 | 1GT39SEY5RF405021 | Pick Up Truck | $605.28 |
| 2023 GMC Sierra 1500 #5601 | 3GTUUDED1PG175601 | Pick Up Truck | $658.31 |
| 2023 Chevrolet Colorado #0312 | 1GCGTCEC1P1220312 | Pick Up Truck | $375.49 |
| 2024 Chevrolet Colorado #2378 | 1GCPSCEK2R1242378 | Pick Up Truck | $353.07 |
| 2023 GMC Canyon #8251 | 1GTP6BEK1P1208251 | Pick Up Truck | $461.61 |
| 2023 Chevrolet Colorado #5616 | 1GCPTCEK9P1235616 | Pick Up Truck | $379.24 |
| 2023 GMC Sierra 3500 #8866 | 1GD39SEY3PF118866 | Pick Up Truck | $652.41 |
| 2025 Chevrolet Colorado #9852 | 1GCPSCEK9S1179852 | Pick Up Truck | $375.00 |
| 2023 Chevrolet Colorado #1412 | 1GCGSCEC5P1201412 | Pick Up Truck | $336.39 |
| 2023 Chevrolet Colorado #7605 | 1GCGSCEC9P1237605 | Pick Up Truck | $355.97 |
| 2023 Chevrolet Colorado #2889 | 1GCGSCEC8P1242889 | Pick Up Truck | $331.25 |
| 2023 Chevrolet Colorado #4939 | 1GCPSBEK9P1144939 | Pick Up Truck | $325.49 |
| 2023 Chevrolet Colorado #8957 | 1GCPSCEK8R1218957 | Pick Up Truck | $328.22 |
| 2024 Jeep Grand Cherokee #4301 | 1C4RJKBG2R8934301 | SUV | $423.93 |
| Hummer 1GKB0RDC7RU100639 | 1GKB0RDC7RU100639 | SUV | $933.16 |
| 24-Chevrolet 1500 #Silverado 5049 | 2GCUDDED6R1255049 | Pick Up Truck | $530.59 |
| | | | $8,534.82 |

United States Bankruptcy Court
Southern District of Texas

In re: Case No. 25-90818-cml
57 Concrete LLC Chapter 11
Official Committee of Unsecured Creditor
Debtors

# CERTIFICATE OF NOTICE

District/off: 0541-4 User: ADIuser Page 1 of 6
Date Rcvd: Sep 08, 2026 Form ID: pdf002 Total Noticed: 34

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 10, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | 57 Concrete LLC, 4877 Western Road, Mission, TX 78574-6335 |
| db | + | 57 Fuels LLC, 4819 Western Rd, Mission, TX 78574-6335 |
| db | + | 57 Logistics LLC, 1612 Sebastian Street, Mission, TX 78572-6065 |
| db | + | 57 RGV Machinery LLC, 3827 N 10th Street, 205, McAllen, TX 78501-1745 |
| aty | + | Parkins & Rubio LLP, 708 Main Street, 10th Floor, Houston, TX 77002-3246 |
| cr | + | Brownsville Navigation District of Cameron County,, Rentfro, Irwin, & Irwin, PLLC, 1650 Paredes Line Road, Suite 102, Brownsville, TX 78521-1665 |
| cr | + | Charter Capital Holdings LP, c/o Jason Medley, 3040 Post Oak Blvd., Suite 1400, Houston, TX 77056-6584 |
| intp | + | Eliud Cavasos, 1612 Sebastian Street, Mission, TX 78572-6065 |
| cr | + | FIRST-CITIZENS BANK & TRUST COMPANY, BRADY LAW FIRM, PLLC, 6136 FRISCO SQUARE BLVD., SUITE 400, FRISCO, TX 75034-3251 |
| intp | + | Fox Funding Group LLC, c/o Wilson Friery PLLC, 708 Main St., 10th Floor, Houston, TX 77002-3246 |
| cr | + | Israel Trevino, 7835 Bernea, Edinburg, TX 78542-1234 |
| crcm | + | Official Committee of Unsecured Creditors, c/o Mary Elizabeth Heard, Grable Martin PLLC, 7700 Broadway, Suite 104 PMB 308, San Antonio, TX 78209 UNITED STATES 78209-3260 |
| intp | + | OrcaFunding, 33 E 33rd St, New York, NY 10016-5335 |
| cr | + | PNC Bank, N.A. d/b/a JCB Finance, c/o Padfield & Stout, LLP, 100 Throckmorton Street, Suite 100, Fort Worth, TX 76102-2831 |
| intp | + | The Gulf Group, LLC, 220A Dr. Hugh Emerson Rd, Brownsville, TX 78526-0224 |
| app | + | Truman Mox, Inc., 240 Park Place, Chagrin Falls, OH 44022-4456 |

TOTAL: 16

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | ^ | MEBN | Sep 08 2026 22:16:26 | ALLY BANK - C/O QUILLING SELANDER LOWNDS WINSLETT, 2001 BRYAN ST STE 1800, DALLAS, TX 75201-3070 |
| cr | + | Email/PDF: acg.acg.ebn@aisinfo.com | Sep 08 2026 22:16:05 | Ally Bank c/o AIS Portfolio Services, LLC, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| cr | + | Email/Text: GMFINANCIAL@EBN.PHINSOLUTIONS.COM | Sep 08 2026 22:18:00 | AmeriCredit Financial Services, Inc. dba GM Financ, P O Box 183853, Arlington, TX 76096-3853 |
| cr | | Email/PDF: bncnotices@becket-lee.com | Sep 08 2026 22:15:53 | American Express National Bank, c/o Becket and Lee LLP, PO Box 3001, Malvern, PA 19355-0701 |
| cr | + | Email/Text: legalrequest@commercialcreditgroup.com | Sep 08 2026 22:17:00 | COMMERCIAL CREDIT GROUP INC., 525 N. Tryon Street Suite 1000, Charlotte, NC 28202-0210 |
| cr | + | Email/Text: ecffilings@padfieldstout.com | Sep 08 2026 22:18:00 | Equify Financial, LLC, c/o Padfield & Stout, LLP, 100 Throckmorton Steet, Suite 700, Fort Worth, TX 76102-2837 |
| cr | + | Email/Text: BKRMailOps@weltman.com | Sep 08 2026 22:19:00 | First Citizens Bank & Trust Company, c/o |

| | | | |
|---|---|---|---|
| | | | Weltman, Weinberg & Reis Co., LPA, 5990 West Creek Rd, Suite 200, INDEPENDENCE, OH 44131-2191 |
| cr | + Email/Text: ecfbnc@aldridgepite.com | Sep 08 2026 22:18:00 | Ford Motor Credit Company LLC, 3333 Camino del Rio South, Suite 225, San Diego, CA 92108, UNITED STATES 92108-3808 |
| cr | + Email/PDF: acg.acg.ebn@aisinfo.com | Sep 08 2026 22:16:23 | Ford Motor Credit Company LLC, c/o AIS Portfolio S, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| cr | + Email/Text: zfanucchi@ceflegalsa.com | Sep 08 2026 22:17:00 | Holt Industrial Rentals LLC, c/o Zachary J. Fanucchi, Caldwell Clark Fanucchi & Finlayson PLLC, 700 N. St. Mary's Street, Suite 1825, San Antonio, TX 78205-3545 |
| cr | + Email/Text: zfanucchi@ceflegalsa.com | Sep 08 2026 22:17:00 | Holt Texas, Ltd dba Holt CAT, c/o Zachary J. Fanucchi, Caldwell Clark Fanucchi & Finlayson PLLC, 700 N. St. Mary's Street, Suite 1825, San Antonio, TX 78205-3545 |
| cr | + Email/Text: ahochheiser@mauricewutscher.com | Sep 08 2026 22:18:00 | IOU Central Inc., c/o Maurice Wutscher LLP, 23611 Chagrin Blvd. Suite 207, Beachwood, OH 44122-5540 |
| cr | + Email/Text: ddressler@dresslerpeters.com | Sep 08 2026 22:18:00 | KLC Financial, LLC, c/o Dennis A. Dressler, Dressler Peters, LLC, 101 W. Grand Ave., Ste. 404, Chicago, IL 60654-7129 |
| cr | + Email/Text: jking@offermanking.com | Sep 08 2026 22:17:00 | Mitsubishi HC Capital America Inc., c/o James W. King, 6420 Wellington Place, Beaumont, Tx 77706, UNITED STATES 77706-3206 |
| cr | + Email/Text: ecffilings@padfieldstout.com | Sep 08 2026 22:18:00 | PACCAR Financial Corp., c/o Padfield & Stout, LLP, 100 Throckmorton Street. Suite 700, Fort Worth, TX 76102-2837 |
| intp | + Email/Text: tross@trcmllc.com | Sep 08 2026 22:20:00 | TR Capital Management, LLC, PO BOX 633, Woodmere, NY 11598-0633 |
| cr | ^ MEBN | Sep 08 2026 22:15:13 | Texas Comptroller of Public Accounts, Revenue Acco, Callan Searcy, P.O. Box 12548, Austin, TX 78711-2548 |
| cr | + Email/Text: zfanucchi@ceflegalsa.com | Sep 08 2026 22:17:00 | Texas First Rentals, LLC, c/o Zachary J. Fanucchi, Caldwell Clark Fanucchi & Finlayson PLLC, 700 N. St. Mary's Street, Suite 1825, San Antonio, TX 78205-3545 |

TOTAL: 18

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | Americredit Financial Services, Inc. dba GM Financ |
| cr | | Cameron County |
| cr | | Caterpillar Financial Services Corporation |
| cr | | Hidalgo County |
| cr | | Komatsu Financial Limited Partnership |
| cr | | Nations Fund I, LLC |
| cr | | Stellantis Financial Services, Inc. |
| cr | | Texan Cement Inc |
| cr | | Volvo Financial Services, A division of VFS US LLC |
| cr | | Western Bulk Equipment, LLC |

TOTAL: 10 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 10, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 8, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Alejandra Garcia Castro | on behalf of Creditor Nations Fund I LLC alejandra.garciacastro@huschblackwell.com, tanya.adams@huschblackwell.com;carmen.gonzales@huschblackwell.com |
| Andrew Curtis Nelson | on behalf of Creditor Western Bulk Equipment LLC nelson@wcbglaw.com |
| Ashley J. Jericho | on behalf of Creditor Caterpillar Financial Services Corporation ajericho@dwlaw.com |
| Brandon DeWayne Flack | on behalf of Creditor Western Bulk Equipment LLC bflack@wcbglaw.com |
| Broocks Wilson | on behalf of Interested Party Fox Funding Group LLC mack@wilson-pllc.com |
| Broocks Wilson | on behalf of Defendant Fox Funding Group LLC mack@wilson-pllc.com |
| Callan Clark Searcy | on behalf of Creditor Texas Comptroller of Public Accounts Revenue Accounting Division bk-csearcy@texasattorneygeneral.gov, sherri.simpson@oag.texas.gov |
| Charles Rice | on behalf of Creditor Caterpillar Financial Services Corporation crice@dwlaw.com |
| Charles Michael Rubio | on behalf of Debtor 57 Logistics LLC crubio@parkinsrubio.com 7485062420@filings.docketbird.com |
| Charles Michael Rubio | on behalf of Debtor 57 Fuels LLC crubio@parkinsrubio.com 7485062420@filings.docketbird.com |
| Charles Michael Rubio | on behalf of Plaintiff 57 Concrete LLC crubio@parkinsrubio.com 7485062420@filings.docketbird.com |
| Charles Michael Rubio | on behalf of Attorney Parkins & Rubio LLP crubio@parkinsrubio.com 7485062420@filings.docketbird.com |
| Charles Michael Rubio | on behalf of Plaintiff Eliud Cavazos crubio@parkinsrubio.com 7485062420@filings.docketbird.com |
| Charles Michael Rubio | on behalf of Appraiser Truman Mox Inc. crubio@parkinsrubio.com, 7485062420@filings.docketbird.com |
| Charles Michael Rubio | on behalf of Debtor 57 RGV Machinery LLC crubio@parkinsrubio.com 7485062420@filings.docketbird.com |
| Charles Michael Rubio | on behalf of Debtor 57 Concrete LLC crubio@parkinsrubio.com 7485062420@filings.docketbird.com |
| Charles Michael Rubio | on behalf of Plaintiff Jesus Cepeda crubio@parkinsrubio.com 7485062420@filings.docketbird.com |
| Charles Michael Rubio | on behalf of Plaintiff Pedro Cepeda crubio@parkinsrubio.com 7485062420@filings.docketbird.com |
| Dennis A Dressler | |

| | |
|---|---|
| | on behalf of Creditor KLC Financial LLC ddressler@dresslerpeters.com, rmccandless@dresslerpeters.com |
| Diane Wade Sanders | on behalf of Creditor Cameron County austin.bankruptcy@publicans.com |
| Diane Wade Sanders | on behalf of Creditor Hidalgo County austin.bankruptcy@publicans.com |
| Donald L Wyatt | on behalf of Creditor Texan Cement Inc don.wyatt@wyattpc.com don.wyatt@ecf.courtdrive.com;attydlw@me.com;don.wyatt@wyattpc.com;paula.piano@wyattpc.com |
| Fred Steven Kantrow | on behalf of Interested Party OrcaFunding fkantrow@thekantrowlawgroup.com cpisciotta@thekantrowlawgroup.com |
| Fred Steven Kantrow | on behalf of Defendant OrcaFunding fkantrow@thekantrowlawgroup.com cpisciotta@thekantrowlawgroup.com |
| Jacob T Towles | on behalf of Plaintiff 57 Concrete LLC jtowles@parkinsrubio.com |
| James W King | on behalf of Creditor Mitsubishi HC Capital America Inc. jking@offermanking.com |
| Jameson Joseph Watts | on behalf of Creditor Nations Fund I LLC jwatts@krcl.com, rboley@krcl.com;tgreenblum@krcl.com |
| Jason M Medley | on behalf of Creditor Charter Capital Holdings LP JMedley@spencerfane.com ewerner@spencerfane.com;mjones@spencerfane.com;jason-medley-1270@ecf.pacerpro.com |
| Jessica Nicole Alt | on behalf of Creditor PACCAR Financial Corp. jalt@padfieldstout.com |
| Jessica Nicole Alt | on behalf of Creditor Equify Financial LLC jalt@padfieldstout.com |
| Jessica Nicole Alt | on behalf of Creditor Volvo Financial Services A division of VFS US LLC jalt@padfieldstout.com |
| Jessica Nicole Alt | on behalf of Creditor PNC Bank N.A. d/b/a JCB Finance jalt@padfieldstout.com |
| John Easter | on behalf of Creditor Volvo Financial Services A division of VFS US LLC jeaster@padfieldstout.com |
| John Kurt Stephen | on behalf of Interested Party The Gulf Group LLC kurt@kstephenlaw.com, myecfmail5@gmail.com;veronica@kstephenlaw.com;Vicky@kstephenlaw.com |
| John Robert Nelson | on behalf of Creditor Caterpillar Financial Services Corporation jnelson@dickinsonwright.com rgarza@dickinsonwright.com |
| John Todd Malaise | on behalf of Creditor Israel Trevino toddm@davislaw.com oliva@ecf.courtdrive.com,dana@oliva.law |
| Kyle Woodard | on behalf of Creditor Komatsu Financial Limited Partnership kwoodard@krcl.com kwoodard@ecf.courtdrive.com;ecf@krcl.com;srhea@krcl.com |
| Lenard M. Parkins | on behalf of Plaintiff 57 Concrete LLC lparkins@parkinsrubio.com 9141256420@filings.docketbird.com;bmcfadden@parkinsrubio.com,9141256420@filings.docketbird.com |
| Lenard M. Parkins | on behalf of Debtor 57 Concrete LLC lparkins@parkinsrubio.com 9141256420@filings.docketbird.com;bmcfadden@parkinsrubio.com,9141256420@filings.docketbird.com |
| Marcus Montalvo | on behalf of Defendant Cesar Cabello Marroquin mark@montalvolaw.net |
| Marshall Henry Harkins | on behalf of Creditor Committee Official Committee of Unsecured Creditors mharkins@grablemartin.com |
| Mary Elizabeth Heard | on behalf of Creditor Committee Official Committee of Unsecured Creditors meheard@grablemartin.com courtnotices@grablemartin.com;rhutchens@grablemartin.com |
| Matthew Alexander Knox | on behalf of Creditor Americredit Financial Services Inc. dba GM Financial maknox@hinshawlaw.com, sburns@hinshawlaw.com |
| Matthew Alexander Knox | |

| | |
|---|---|
| | on behalf of Creditor AmeriCredit Financial Services Inc. dba GM Financial maknox@hinshawlaw.com, sburns@hinshawlaw.com |
| Matthew Dennis Giadrosich | on behalf of Creditor PACCAR Financial Corp. mdg@padfieldstout.com |
| Matthew Dennis Giadrosich | on behalf of Creditor Equify Financial LLC mdg@padfieldstout.com |
| Matthew Edward Furse | on behalf of Creditor Committee Official Committee of Unsecured Creditors mfurse@grablemartin.com |
| Matthew John McGowan | on behalf of Creditor Volvo Financial Services A division of VFS US LLC mmcgowan@padfieldstout.com |
| Michael Fishel | on behalf of Debtor 57 RGV Machinery LLC michael@FishelLawGroup.com michael-fishel-2874@ecf.pacerpro.com |
| Michael Fishel | on behalf of Debtor 57 Logistics LLC michael@FishelLawGroup.com michael-fishel-2874@ecf.pacerpro.com |
| Michael Fishel | on behalf of Debtor 57 Fuels LLC michael@FishelLawGroup.com michael-fishel-2874@ecf.pacerpro.com |
| Misty A Segura | on behalf of Creditor Charter Capital Holdings LP msegura@spencerfane.com misty-segura-9690@ecf.pacerpro.com |
| Patrick Michael Lynch | on behalf of Creditor ALLY BANK - C/O QUILLING SELANDER LOWNDS WINSLETT plynch@qslwm.com pkarr@qslwm.com |
| Paul R Lawrence | on behalf of Creditor Stellantis Financial Services Inc. prl@LBandD.com, cbrown@lbandd.com |
| Rhonda Bear Mates | on behalf of Creditor COMMERCIAL CREDIT GROUP INC. mates@slollp.com winter@slollp.com |
| Roman Alexander Porsche | on behalf of Plaintiff 57 Concrete LLC romanaporsche@gmail.com |
| Shawn Kevin Brady | on behalf of Creditor FIRST-CITIZENS BANK & TRUST COMPANY sgodwin@brady-law-firm.com |
| Shelby A Jordan | on behalf of Plaintiff Eliud Cavazos sjordan@jhwclaw.com cmadden@jhwclaw.com |
| Shelby A Jordan | on behalf of Plaintiff Pedro Cepeda sjordan@jhwclaw.com cmadden@jhwclaw.com |
| Shelby A Jordan | on behalf of Plaintiff Jesus Cepeda sjordan@jhwclaw.com cmadden@jhwclaw.com |
| Shelby A Jordan | on behalf of Interested Party Eliud Cavasos sjordan@jhwclaw.com cmadden@jhwclaw.com |
| Timothy P Ribelin | on behalf of Creditor Nations Fund I LLC tim.ribelin@huschblackwell.com, timothy-ribelin-7406@ecf.pacerpro.com;elizabeth.spivey@huschblackwell.com |
| Tricia Ann Morra | on behalf of Debtor 57 Concrete LLC bkecfinbox@aldridgepite.com tmorra@aldridgepite.com |
| Tricia Ann Morra | on behalf of Creditor Ford Motor Credit Company LLC bkecfinbox@aldridgepite.com tmorra@aldridgepite.com |
| US Trustee | USTPRegion07.HU.ECF@USDOJ.GOV |
| Vianey Garza | on behalf of U.S. Trustee US Trustee vianey.garza@usdoj.gov |
| William Joseph Irwin | on behalf of Creditor Brownsville Navigation District of Cameron County Texas bill@rentfrolawfirm.net |
| Zachary J. Fanucchi | on behalf of Creditor Holt Industrial Rentals LLC zfanucchi@ccfflegal.com agarcia@ccfflegal.com |
| Zachary J. Fanucchi | on behalf of Creditor Texas First Rentals LLC zfanucchi@ccfflegal.com, agarcia@ccfflegal.com |
| Zachary J. Fanucchi | on behalf of Creditor Holt Texas Ltd dba Holt CAT zfanucchi@ccfflegal.com, agarcia@ccfflegal.com |

TOTAL: 70