**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Case No. 25-90818 (CML) |
| 57 Concrete LLC, *et al.*,[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |

**DEBTOR'S OBJECTION TO MOTION OF HOLT TEXAS, LTD AND HOLT INDUSTRIAL RENTALS, LLC FOR RELIEF FROM THE AUTOMATIC STAY AND/OR FROM ANY INJUNCTION EXTENDING STAY PROTECTION TO NON-DEBTOR GUARANTORS / PRINCIPALS**

[Related to Docket No. 511]

**TO THE HONORABLE CHRISTOPHER M. LOPEZ,**
**UNITED STATES BANKRUPTCY JUDGE:**

57 Concrete LLC ("57 Concrete" or the "Debtor"), a debtor and debtor in possession in the above-captioned chapter 11 cases jointly administered with its affiliates 57 RGV Machinery LLC ("RGV"), 57 Fuels LLC, and 57 Logistics LLC (together with 57 Concrete, the "Debtors"), files this objection (this "Objection") to the *Motion of Holt Texas, Ltd and Holt Industrial Rentals, LLC for Relief from the Automatic Stay and/or from Any Injunction Extending Stay Protection to Non-Debtor Guarantors / Principals* [Docket No. 511] (the "Motion") filed by Holt Texas, Ltd ("Holt") and Holt Industrial Rentals, LLC ("HIR" and, together with Holt, "Movant"). The Motion seeks leave to pursue Eliud R. Cavazos, Jesus Cepeda, and Pedro A. Cepeda (the "Principals") on their guaranties of 57 Concrete's trade debt. In support, the Debtor relies on the *Declaration of Eliud*

[1] The jointly administered Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: 57 Concrete LLC ("57 Concrete") (0886), 57 Fuels LLC ("Fuels") (5550), 57 Logistics LLC ("Logistics") (4104), and 57 RGV Machinery LLC ("RGV") (7906). The Debtors' service address is 4877 Western Road, Mission, Texas 78574.

*R. Cavazos*, attached as **Exhibit A** (the "Cavazos Declaration" or "Cavazos Decl."), and respectfully states as follows:

## PRELIMINARY STATEMENT

1. Movant asks the Court to let it pursue the Principals now, weeks before confirmation. The Motion calls itself precautionary, filed "[o]ut of an abundance of caution." Mot. ¶ 11. It does not disclose that Movant already litigated this issue in state court and lost. On April 10, 2026, the Bexar County court denied Movant's summary judgment motion against the Principals, and its docket reflects a ruling that the automatic stay applies to them. Movant accepted that ruling for nearly six months before filing here.

2. The Debtors are targeting confirmation on December 8, 2026 and an effective date of December 22, 2026. The Plan pays Movant in full, with interest, and the Debtors will propose plan provisions addressing temporary relief for the Principals while the Plan is performed. Whether, and on what terms, Movant may pursue the Principals should be decided in that process, on a full record, in about two months.

3. Movant loses nothing by waiting. Its rights against the Principals are deferred, not released or impaired. The Debtor asks the Court to deny the Motion without prejudice or, alternatively, to hold it in abeyance until after the Plan's effective date.

## BACKGROUND

### A. The Chapter 11 Cases and the Plan

4. 57 Concrete filed for chapter 11 on December 19, 2025 (the "Petition Date"). Its affiliates filed on March 26, 2026. The cases are jointly administered under Case No. 25-90818 (CML), and the Debtors continue to operate as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

5. On September 28, 2026, the Debtors filed the *Debtors' Joint Chapter 11 Plan of Reorganization* [Docket No. 514] (as amended, the "Plan") and the related *Disclosure Statement* [Docket No. 515] (the "Disclosure Statement"). The Disclosure Statement hearing is set for November 3, 2026 [Docket No. 529]. Under the Plan, each holder of an allowed general unsecured claim against 57 Concrete receives "deferred Cash payments in an aggregate amount equal to the Allowed amount of such Claim, together with interest," paid monthly over sixty months. Plan § 4.3.

6. The Debtors will amend the Plan to add a temporary injunction barring holders of claims guaranteed by the Principals from enforcing those guaranties as to amounts being paid under the Plan and only while those payments remain current; the guaranties remain valid and enforceable, the injunction dissolves automatically as to any holder thirty days after written notice of an uncured payment default, and any holder may seek relief from it for cause. The Debtors expect to file the amended Plan shortly.

## B. The Principals

7. Mr. Cavazos and Jesus Cepeda own 57 Concrete (66.66% and 33.34%, respectively) and serve as its managers. Plan § 4.5. Pedro A. Cepeda, a former member of 57 Concrete, indirectly owns and manages RGV, an equipment holding company whose trucks, batch plants, and other heavy equipment are used in 57 Concrete's production of ready-mix concrete. [Docket No. 190 ¶¶ 4–5, 7.] Under the Plan, the Principals will continue to manage the reorganized Debtors. Plan § 6.5.

8. The Debtors' business depends on them. Mr. Cavazos and Jesus Cepeda are "directly involved in virtually every critical aspect of the Debtor's business," and the Debtor's customers, lenders, insurers, and vendors deal directly with them. [Docket No. 3 ¶¶ 4, 6.] As Mr.

Cavazos explained at the outset of these cases, "[i]n practical terms, we are the business, and the Debtor's ability to operate as a going concern depends on our continued work and involvement." *Id.* ¶ 4; *see also* Cavazos Decl. ¶¶ 3–6. The Disclosure Statement identifies this dependence as a risk to Plan performance. Disclosure Statement, Art. XVI.M.

9. Many of the Debtors' lenders hold guaranties from the Principals. Throughout these cases, those lenders have agreed, in stipulations this Court has entered, to forbear from pursuing the Principals while the Debtors perform. *See, e.g.,* Docket No. 245 ¶ F (Komatsu). Similar provisions appear in the orders with First Citizens Bank [Docket No. 198], JB&B Capital [Docket No. 222], KLC Financial [Docket No. 268], Caterpillar Financial [Docket No. 281], Commercial Credit Group Inc. [Docket Nos. 326, 368], Equify Financial, LLC [Docket No. 327], and Ally Bank [Docket No. 495] (the "Forbearance Orders").

**C. Movant's Claims, the State Court Action, and the Motion**

10. Movant alleges that the Principals guaranteed 57 Concrete's obligations under account agreements dated July 17, 2023 and October 4, 2023. Mot. ¶¶ 8–9. HIR filed Proof of Claim No. 74 for $59,256.91, and Holt filed Proof of Claim No. 75 for $35,469.86 (together, the "Holt Claims"), each a general unsecured claim.

11. On December 5, 2025, Holt, HIR, and Texas First Rentals, LLC sued 57 Concrete and the Principals in Cause No. 2025CV10494 in the County Court at Law No. 3 of Bexar County, Texas (the "State Court Action"). The register of actions is attached as **Exhibit B**. Texas First Rentals, represented by the same counsel as Movant, has filed Proof of Claim No. 76 against 57 Concrete. The Principals answered and asserted a crossclaim against 57 Concrete for "full indemnity" from "any liability, damages, or costs arising from Plaintiffs['] claims." **Ex. C** ¶¶ 5,

10. After the Petition Date, the plaintiffs nonsuited 57 Concrete without prejudice. Ex. B at 1–2; Mot. ¶ 7.

12. On March 16, 2026, Movant moved for partial summary judgment against the Principals. Ex. B at 2. The Principals filed an emergency motion asking the state court to recognize the automatic stay, relying on 57 Concrete's indemnity obligations and their identity of interest with it. **Ex. D**. Movant replied that the stay "clearly applies to one party and one party only: 57 Concrete, LLC." **Ex. E** at 3. After a hearing on April 10, 2026, the state court denied Movant's motion, and its docket reflects the ruling: "AUTOMATIC STAY APPLIES TO REMAINING DEF'S." Ex. B at 3. Nothing has happened in the State Court Action since, and Movant has made no demand on the Principals. *Id.*; Cavazos Decl. ¶ 9.

13. Movant filed the Motion on September 25, 2026, seeking leave to pursue "collection, litigation, judgment enforcement, and other remedies against the Guarantors," with the fourteen-day stay of Bankruptcy Rule 4001(a)(3) waived. Mot. ¶ 12. The proposed order would reach "any non-debtor guarantor." [Docket No. 511-1.] The Motion offers no evidence, and it does not mention Movant's summary judgment motion, the Principals' emergency motion, or the April 10 ruling.

## OBJECTION

### A. The Motion Asks the Court To Undo the Status Quo Without Disclosing It.

14. Movant argued in state court exactly what it argues here: that the stay protects only 57 Concrete. The state court disagreed, and that ruling has governed the parties since April. *See* ¶ 12, *supra*. Movant accepted it for nearly six months. The Motion now asks this Court to undo that status quo on an expedited basis, with the Rule 4001(a)(3) stay waived, without telling the Court that the status quo exists.

15. Granting the Motion now would also harm the estate. Seven lenders have agreed under the Forbearance Orders to leave the Principals alone while the Debtors perform, and Texas First Rentals is waiting in the same state court case with the same counsel. Lifting the protection the Principals have had since April, weeks before confirmation, invites every guaranty creditor to act when the Debtors most need their managers. And because the Principals have asserted indemnity claims against 57 Concrete, any judgment Movant obtains against them comes straight back to the estate.

**B. The Court Should Defer the Motion Until After the Effective Date.**

16. The Court has ample authority to defer the Motion. *See* 11 U.S.C. § 105(d)(2); Fed. R. Bankr. P. 9014. Courts suspend stay-relief motions where the same issue will be resolved through plan confirmation, *see In re T-L Cherokee South, LLC*, 2011 WL 13502304, at *1 (Bankr. N.D. Ind. Aug. 29, 2011), or hold them in abeyance for a reasonable period, *see In re AdBrite Corp.*, 290 B.R. 209 (Bankr. S.D.N.Y. 2003). Courts in this District have likewise deferred litigation against a debtor's officers until the bankruptcy court could resolve the questions bearing on their protection. *See National Oilwell Varco, L.P. v. Mud King Prods., Inc.*, 2013 WL 1948766, at *5–7 (S.D. Tex. May 9, 2013).

17. The deferral requested is short and defined: until after the effective date, targeted for December 22, 2026. If the Plan is not confirmed, Movant may renew the Motion. A stay of litigation is appropriate where it "can be framed to contain reasonable limits on its duration," *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985), and a short restraint weighs least on a creditor, *see In re Genesis Healthcare, Inc.*, 2026 WL 1194759, at *8 (N.D. Tex. May 1, 2026) ("The longer and/or more indefinite in duration the restraint is, the more burdensome it is to the claimants.").

18. Movant has not shown cause for immediate relief. *See In re Reitnauer*, 152 F.3d 341, 343 n.4 (5th Cir. 1998) (cause determined case by case); *In re JCP Props., Ltd.*, 540 B.R. 596, 613 (Bankr. S.D. Tex. 2015). Its first ground, that the Principals are not debtors, Mot. ¶ 19(a)–(b), goes to whether the stay applies, an issue the state court has already decided against Movant for now. Its second ground, that interest and fees accrue, Mot. ¶ 19(d), is not a basis for relief. Movant is unsecured and holds no interest in estate property to protect. *See In re Baker*, 2018 WL 4961656, at n.10 (Bankr. N.D. Ga. Oct. 12, 2018) (unsecured creditor "cannot lack adequate protection of an interest in property"); *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 370–73 (1988) (even a secured creditor is not compensated under section 362(d)(1) for delay caused by the stay). The Plan pays Movant in full with interest, and contract interest continues to run against the Principals during any deferral. Movant loses nothing but time.

**C. The Plan Is the Proper Place To Decide the Principals' Protection, and the Relief Is Lawful.**

19. Temporary relief for non-debtors can be provided in a plan without a separate adversary proceeding, Fed. R. Bankr. P. 7001(g), but otherwise requires one, *Genesis*, 2026 WL 1194759, at *6–7. That is why the Debtors propose to address the Principals' protection through the Plan rather than in a contested stay-relief motion weeks before confirmation.

20. The relief the Debtors will propose is lawful. "The impropriety of a permanent injunction does not necessarily extend to a temporary injunction of third-party actions. Such an injunction may be proper under unusual circumstances." *Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 761 (5th Cir. 1995). Texas bankruptcy courts have confirmed plans that barred guaranty suits against a debtor's principal only while plan payments stayed current. *In re Seatco, Inc.*, 259 B.R. 279, 283–84 (Bankr. N.D. Tex. 2001); *In re Bernhard Steiner Pianos USA, Inc.*, 292 B.R.

109, 116–17 (Bankr. N.D. Tex. 2002) (debtor "will survive and creditors will be paid under the plan only if [the principal] is allowed to conduct the business of the Debtor without distraction"). *Harrington v. Purdue Pharma L.P.* held "only" that a plan may not discharge claims against non-debtors without consent, 603 U.S. 204, 227 (2024), and courts since have confirmed temporary protections for a debtor's principals. *In re Miracle Restaurant Grp., LLC*, 2025 WL 1400915, at *3–7 (Bankr. E.D. La. May 13, 2025); *In re Hal Luftig Co.*, 667 B.R. 638, 663 (Bankr. S.D.N.Y. 2025), *aff'd*, 2026 WL 2935950 (S.D.N.Y. Sept. 30, 2026); *see also Genesis*, 2026 WL 1194759, at *9 ("*Zale* therefore controls."). Nothing the Debtors propose releases Movant's claims against anyone.

### D. Standing and Scope of Any Relief

21. The Debtor is a party in interest. The Motion seeks relief from "any injunction" in these cases, and the estate has a direct interest in whether the managers responsible for performing the Plan are drawn into collection litigation before confirmation. The Debtor files this Objection to protect the estate, not on behalf of the Principals, who are separately represented by Shelby A. Jordan of Jordan & Ortiz, P.C. Ex. B at 1.

22. If the Court grants any relief, it should be limited to the three Principals named in the Motion, not "any non-debtor guarantor." Movant offers no evidence of the special circumstances needed to waive the fourteen-day stay of Bankruptcy Rule 4001(a)(3), and the proposed order's reliance on Bankruptcy Rule 6004, which governs sales of property, is misplaced. Nor does section 362(e) require a ruling by any date; it applies to the stay "of any act against property of the estate," not to a motion concerning non-debtors. 11 U.S.C. § 362(e)(1).

## RESERVATION OF RIGHTS

23. The Debtor reserves all rights, including the right to seek injunctive relief by adversary proceeding if Movant or any other creditor resumes collection against the Principals before the effective date, to object to the Holt Claims, and to supplement this Objection. Nothing in this Objection is an admission about the validity, amount, or enforceability of the Holt Claims or of any guaranty.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court (i) deny the Motion without prejudice; or, in the alternative, (ii) hold the Motion in abeyance and continue any hearing on it to a date after the Plan's effective date; (iii) deny Movant's request to waive Bankruptcy Rule 4001(a)(3); and (iv) grant such other relief as is just and proper.

Dated: October 13, 2026

**PARKINS & RUBIO LLP**

*/s/ Charles M. Rubio*
Charles M. Rubio
Texas Bar No. 24083768
Jacob T. Towles
Texas Bar No. 24125065
708 Main St., Fl 10
Houston, TX 77002
Email: crubio@parkinsrubio.com
jtowles@parkinsrubio.com
Phone: (713) 715-1660

***Counsel to Debtor 57 Concrete LLC and Proposed Counsel to the Affiliated Debtors***

**CERTIFICATE OF SERVICE**

I certify that on October 13, 2026, a true and correct copy of the foregoing was served through the Court's CM/ECF system on all parties registered to receive electronic notice in these cases, and by email on counsel for Movant: Zachary J. Fanucchi (zfanucchi@ccfflegal.com) and M. Eduardo Ramirez (eramirez@ccfflegal.com), Caldwell Clark Fanucchi & Finlayson PLLC, 700 N. St. Mary's Street, Suite 1825, San Antonio, Texas 78205.

/s/ Charles M. Rubio
Charles M. Rubio