**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Case No. 25-90818 (CML) |
| 57 Concrete LLC, *et al.*,[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |

**DECLARATION OF ELIUD R. CAVAZOS IN SUPPORT OF DEBTOR'S OBJECTION TO MOTION OF HOLT TEXAS, LTD AND HOLT INDUSTRIAL RENTALS, LLC FOR RELIEF FROM THE AUTOMATIC STAY**

[Related to Docket No. 511]

I, Eliud R. Cavazos, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am over the age of eighteen and competent to make this declaration. I am the Chief Executive Officer and a managing member of 57 Concrete LLC ("57 Concrete" or the "Debtor"). Except as otherwise stated, the facts in this declaration are based on my personal knowledge or my review of the Debtor's business records. I adopt and incorporate my prior declarations in these cases [Docket Nos. 3, 13, 189], which remain true and correct except as updated here.

2. I submit this declaration in support of the *Debtor's Objection to Motion of Holt Texas, Ltd and Holt Industrial Rentals, LLC for Relief from the Automatic Stay and/or from Any Injunction Extending Stay Protection to Non-Debtor Guarantors / Principals* (the "Objection"). Capitalized terms not defined here have the meanings given in the Objection.

[1] The jointly administered Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: 57 Concrete LLC ("57 Concrete") (0886), 57 Fuels LLC ("Fuels") (5550), 57 Logistics LLC ("Logistics") (4104), and 57 RGV Machinery LLC ("RGV") (7906). The Debtors' service address is 4877 Western Road, Mission, Texas 78574.

**My Role In the Debtor's Business and the Plan**

3. 57 Concrete was formed in July 2019 and began operations in 2020. I hold 66.66% of its membership interests, and Jesus Cepeda holds the remaining 33.34%. Mr. Cepeda and I are its managers.

4. Mr. Cepeda and I are directly involved in virtually every critical aspect of 57 Concrete's business. We oversee daily operations, customer relationships, equipment utilization, payroll, safety compliance, insurance, financing, and vendor relationships. 57 Concrete's customers, lenders, insurers, and vendors deal directly with us, and we are their primary points of contact. As I stated at the outset of these cases, in practical terms we are the business, and 57 Concrete's ability to operate as a going concern depends on our continued work and involvement. [Docket No. 3 ¶¶ 4–6.] That remains true today.

5. Together with Jesus Cepeda, I have led the Debtor's negotiations with its creditors in these cases, including the adequate protection negotiations with its equipment lenders, and the formulation of the Plan. Under the Plan, Mr. Cepeda and I will continue to manage the reorganized 57 Concrete.

6. Between now and confirmation, the Debtors must prepare for and attend the Disclosure Statement hearing on November 3, 2026, solicit votes on the Plan, and prepare for confirmation, which the Debtors are targeting for December 8, 2026, with an effective date of December 22, 2026, while continuing to run the business. That work requires my daily involvement.

7. Earlier in these cases, defending a guaranty lawsuit brought by another lender took a significant amount of my time, time that is valuable to 57 Concrete's operations. While I was focused on that litigation, approvals, customer commitments, and collections were delayed. If I

must defend collection litigation on the Holt guaranties during the period leading to confirmation, I expect similar disruption.

**Holt and the State Court Action**

8. Holt and HIR supplied goods and rental equipment to 57 Concrete before the Petition Date.

9. On December 5, 2025, Holt, HIR, and Texas First Rentals, LLC sued 57 Concrete, Jesus Cepeda, Pedro Cepeda, and me, as guarantors, in Cause No. 2025CV10494 in the County Court at Law No. 3 of Bexar County, Texas. I was served on December 15, 2025. Through our counsel, the three of us answered and asserted a crossclaim against 57 Concrete. After 57 Concrete filed for bankruptcy, the plaintiffs dismissed 57 Concrete from the case without prejudice. In March 2026, Holt moved for summary judgment against us, and we asked the state court to recognize the automatic stay. On April 10, 2026, the state court denied Holt's motion and ruled that the automatic stay applies to us. I am not aware of any further proceedings in that case since then, and Holt has made no demand on me since then. A true and correct copy of the register of actions is attached to the Objection as Exhibit B.

10. Many of the Debtors' other lenders also hold guaranties from me. Those lenders have agreed, in stipulations approved by the Court, to forbear from pursuing the guarantors while the Debtors perform. If Holt is permitted to proceed now, I am concerned that other guaranty creditors, including Texas First Rentals, will follow.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October13, 2026.

/s/ Eliud R. Cavazos
Eliud R. Cavazos