United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 15, 2026
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Case No. 25-90818 (CML) |
| 57 Concrete LLC, *et al.*[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |

**ORDER APPROVING DEBTORS' SUPPLEMENTAL APPLICATION TO EMPLOY PARKINS & RUBIO LLP AS GENERAL BANKRUPTCY COUNSEL FOR THE ADDITIONAL DEBTORS**
**[Relates to Dkt. Nos. 395 & 429]**

Upon the *Supplemental Application filed by the Debtors to supplement the Court's prior approval of Parkins & Rubio LLP ("P&R") as general bankruptcy counsel and to authorize P&R's employment as general bankruptcy counsel for 57 RGV Machinery LLC, 57 Logistics LLC, and 57 Fuels LLC* (collectively, the "Additional Debtors," and together with 57 Concrete LLC, the "Debtors") [Dkt. No. 395] (the "Supplemental Application"), pursuant to section 327(a) of the Bankruptcy Code and Local Rule 2014-1, as more fully set forth in the Supplemental Application and all exhibits and attachments thereto; and upon consideration of the *Supplemental Declaration of Charles M. Rubio* [Dkt. No. 395-1] (the "Supplemental Rubio Declaration"); the *Supplemental Declaration of Charles M. Rubio* [Dkt. No. 473], as corrected [Dkt. No. 483] (the "August 27 Rubio Declaration"); the Court's order approving P&R's employment as general bankruptcy counsel to 57 Concrete LLC [Dkt. No. 127] (the "Original Retention Order"); and upon the Official Committee of Unsecured Creditors' Objection [Dkt. No. 429] (the "Objection"); and upon the

[1] The jointly administered Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: 57 Concrete LLC ("57 Concrete") (0886), 57 Fuels LLC ("Fuels") (5550), 57 Logistics LLC ("Logistics") (4104), and 57 RGV Machinery LLC ("RGV") (7906). The Debtors' service address is 4877 Western Road, Mission, Texas 78574.

*Amended Motion of the Official Committee of Unsecured Creditors of 57 Concrete LLC to (I) Disqualify Parkins & Rubio LLP Under 11 U.S.C. §§ 327(a) and 327(c), (II) to Deny and Disgorge Compensation Under 11 U.S.C. § 328(c), and (III) to Direct the Appointment of a Chapter 11 Trustee Under 11 U.S.C. § 1104(a)* [Dkt. No. 467] (the "Amended Motion"), to the extent it relates to the Supplemental Application; and upon the Debtors' and Parkins & Rubio LLP's Omnibus Opposition [Dkt. No. 451] (the "Omnibus Opposition"), filed in response to certain filings by the Official Committee of Unsecured Creditors (the "Committee"), including the conflicts protocol described therein at paragraph 34 (the "Conflicts Protocol"); and upon the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Michael Fishel and the Fishel Law Group as Conflicts Counsel Pursuant to 11 U.S.C. § 327(e)* [Dkt. No. 394] (the "Fishel Application") and the proposed order with respect to that retention submitted for the Court's consideration in connection herewith; and upon the Court's finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the Supplemental Application and the Supplemental Rubio Declaration are in compliance with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders and procedures of this Court; (v) P&R does not represent an interest adverse to the Additional Debtors' estates with respect to the matters upon which it is to be engaged and is a "disinterested person" within the meaning of that term under section 101(14) of the Bankruptcy Code; (vi) P&R is qualified to represent the Additional Debtors' estates under section 327 of the Bankruptcy Code; (vii) the terms of P&R's employment have been disclosed and are reasonable under the circumstances; (viii) proper and adequate notice of the Supplemental Application was given, and no other or further notice is necessary; (ix) the legal and factual bases set forth in the Supplemental Application, the Omnibus Opposition, the Supplemental Rubio Declaration, and the

August 27 Rubio Declaration, and at the hearing held on October 15, 2026, establish just cause for the relief granted herein; (x) the relief sought in the Supplemental Application, as modified by the Conflicts Protocol set forth below, is in the best interests of the Debtors' estates; (xi) the Debtors have provided the explanation required by Bankruptcy Local Rule 2014-1 for approval of P&R's supplemental employment effective as of the date each Additional Debtor commenced its chapter 11 case; (xii) approval of P&R's supplemental employment effective as of such date is warranted under the circumstances; and (xiii) such approval will not prejudice parties in interest because P&R's compensation remains subject to further application, notice, opportunity for objection, and order of the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED THAT:**

1. The Supplemental Application is **GRANTED** as set forth herein, and the Objection is **WITHDRAWN**, in each case subject to the terms of this Order.

2. In accordance with section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Bankruptcy Local Rule 2014-1, the Debtors are authorized to employ and retain P&R as general bankruptcy counsel for the Additional Debtors, effective as of March 26, 2026, under the terms and conditions set forth in the Original Retention Order, as supplemented by the Supplemental Application and this Order.

3. This Order supplements, and does not replace, the Original Retention Order.

4. This Order is separate from any order approving the retention or employment of Conflicts Counsel, and nothing herein authorizes P&R to perform services in any matter for which separate conflicts counsel is required or otherwise engaged.

5. P&R is authorized to perform any and all legal services for the Additional Debtors that are necessary or appropriate in connection with these chapter 11 cases, subject to the limitations set forth in this Order, the Conflicts Protocol, the Supplemental Application,

the Original Retention Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable order of this Court.

6. **Conflict Matters; Conflicts Counsel; Affiliated Debtors.** As used in this Order, "Conflict Matters" has the meaning given to that term in paragraph 9 of the Fishel Application, and "Conflicts Counsel" means Michael Fishel and the Fishel Law Group. For purposes of the Conflicts Protocol, RGV, Fuels, and Logistics, defined in the Supplemental Application as the "Additional Debtors," are also referred to as the "Affiliated Debtors." For the avoidance of doubt, the Conflict Matters include the allocation among the Debtors of obligations owed to any secured obligation for which more than one Debtor is liable and the treatment of intercompany claims, inter-Debtor allocations, and releases between or among the Debtors under any chapter 11 plan, including the Debtors' Joint Chapter 11 Plan of Reorganization [Dkt. No. 514], as it may be amended (the "Plan").

7. **Conflicts Protocol**. The following protocol (as defined above, the "Conflicts Protocol"), consistent with paragraph 34 of the Omnibus Opposition, shall govern the relationship between P&R and Conflicts Counsel and is incorporated into and made a part of this Order:

(1) P&R remains general bankruptcy counsel for the ordinary administration of all four Chapter 11 Cases.

(2) P&R shall not advise, negotiate, advocate, or take any position for one Debtor against another Debtor on any Conflict Matter.

(3) Conflicts Counsel independently represents RGV, Fuels, and Logistics on the Conflict Matters, and does so only for so long as the interests of those three estates remain aligned, as further provided in subparagraph (4) below.

(4) If the interests of RGV, Fuels, and Logistics diverge on a particular matter, Conflicts Counsel shall (a) promptly notify the Court, the United States Trustee, and the Committee of the divergence, (b) cease representing more than one of the affected estates on that matter, and (c) the affected estate(s) shall retain separate independent counsel with respect to that matter, subject to further order of the Court to the extent required.

(5) If an actual contested matter arises between 57 Concrete and an Affiliated Debtor, 57 Concrete shall retain independent counsel for that matter, or the Debtors shall seek the Court's direction before proceeding.

(6) Conflicts Counsel shall determine the positions of his clients in the exercise of his own independent professional judgment. Neither P&R nor any manager of 57 Concrete may direct, review, approve, or otherwise instruct Conflicts Counsel's substantive advice.

(7) Either P&R or Conflicts Counsel, the United States Trustee, or the Committee may present to the Court any question whether a matter is a Conflict Matter, on shortened notice if necessary, and P&R shall take no substantive action on a matter whose allocation has been questioned in writing until the question is resolved.

(8) P&R and Conflicts Counsel shall each maintain full and continuing supplemental disclosure under Bankruptcy Rule 2014, and the Court may revisit the retentions, the allocation of matters, or both, if an actual conflict develops.

(9) Conflicts Counsel shall receive, reasonably in advance of filing, any proposed chapter 11 plan, disclosure statement, plan support agreement, stipulation, or settlement that allocates value, obligations, or releases among the Debtors, and no

such document shall be filed on behalf of RGV, Fuels, or Logistics with respect to a Conflict Matter without Conflicts Counsel's approval as to that Conflict Matter.

8. P&R shall be compensated for its services and reimbursed for related expenses in accordance with the terms and conditions approved by the Original Retention Order, as supplemented by the Supplemental Application, subject to sections 330 and 331 of the Bankruptcy Code and in accordance with applicable Federal Rules, Local Rules, and any orders of this Court.

9. All compensation for services rendered and reimbursement for expenses incurred in connection with these chapter 11 cases shall be paid after further application to and order of this Court, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of this Court.

10. This Order shall be immediately effective and enforceable upon entry.

11. The Debtors and P&R are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Supplemental Application.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Signed: October 15, 2026

Christopher Lopez
United States Bankruptcy Judge