**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re<br><br>57 CONCRETE LLC,<br><br>Debtor. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Chapter 11<br><br>Case No. 25-90818 (CML)<br><br>Jointly Administered |

**SUMMARY COVER SHEET TO THE FIRST INTERIM FEE APPLICATION OF GRABLE MARTIN PLLC AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF 57 CONCRETE LLC, FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED DURING THE PERIOD FROM JANUARY 30, 2026 THROUGH AND INCLUDING JULY 31, 2026**

| | | |
|---|---|---|
| Name of Applicant: | Grable Martin PLLC ("Grable Martin") | |
| Applicant's Role in Case: | Counsel to the Official Committee of Unsecured Creditors (the "Committee") | |
| Date Order of Employment Signed: | March 25, 2026 [Docket No. 188] | |
| Interim Application (X)<br>Final Application ( ) | First Interim Fee Application | |
| | **Beginning of Period** | **End of Period** |
| Time period covered by this Application: | 1/30/2026 | 7/31/2026 |
| Time period(s) covered by prior Applications: | N/A | N/A |
| Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case? | | Yes |
| Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed? | | Yes |

| | |
|---|---|
| Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? | Yes |
| Do expense reimbursements represent actual and necessary expenses incurred? | Yes |
| **nterim Fee Period Covered by the Interim Fee Application** | |
| Total professional fees requested in this Application: | $740,235.00 |
| Total actual professional hours covered by this Application: | 1,201.2 |
| Average hourly rate for professionals: | $616.25 |
| Total paraprofessional fees requested in this Application: | $40,470.00 |
| Total actual paraprofessional hours covered by this Application: | 134.9 |
| Average hourly rate for paraprofessionals: | $300.00 |
| Total fees requested in this Application: | $780,705.00 |
| Reimbursable expenses sought in this Application: | $1,544.99 |
| Total fees and expenses requested in the Application: | $782,249.99 |
| Total Fees Requested to Date: | $372,164.00 |
| Total Fees Paid to Date: | $310,109.08 |
| Total Disbursements Requested to Date | $1,544,99 |
| Total Disbursements Paid to Date: | $955.09 |
| Holdbacks and Other Amounts Due | $472,140.9 |
| Date of confirmation hearing: | December 8, 2026 (proposed) |
| Indicate whether plan has been confirmed: | No |
| **Plan Status:** On September 28, 2026, the Debtor filed the *Joint Chapter 11 Plan of Reorganization of 57 Concrete LLC and its Debtor Affiliates* [Docket No. 514]. | |
| **Primary Benefits:** Throughout the Application Period, as counsel to the Committee, Grable Martin PLLC: (i) represented the Committee at the related hearings; (ii) conducted investigations on the Debtors and lenders, including gathering, reviewing, and analyzing productions as well as preparing for upcoming depositions; (iii) negotiated with the Debtors and their professionals to resolve the Committee's concerns; (iv) met and conferred with other Committee professionals to develop and refine valuation methodologies and analyses; and (v) met and conferred with Committee members and their advisors to develop, analyze, and implement an overall case strategy. | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| 57 CONCRETE LLC, | ) | |
| | ) | Case No. 25-90818 (CML) |
| Debtor. | ) | |
| | ) | Jointly Administered |

**FIRST INTERIM FEE APPLICATION OF GRABLE MARTIN PLLC AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF 57 CONCRETE LLC, FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED DURING THE PERIOD FROM JANUARY 30, 2026 THROUGH AND INCLUDING JULY 31, 2026**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney.**

Grable Martin PLLC ("Grable Martin"), as Counsel to the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned matter, hereby files its first interim fee application for allowance of compensation for professional services rendered in the amount of $780,705.00 and expenses incurred in the amount of $1,544.99 for the period of January 30, 2026 through July 31, 2026 (the "Interim Fee Period") pursuant to sections 330 and 331 of the United States Bankruptcy Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Federal Rules"), and Rules 2016-1 of the Local Bankruptcy

Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* [Dkt. No. 117] (the "Interim Compensation Order"), and the *Guideline Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013 (the "U.S. Trustee Guidelines"). In support of this application (the "Application"), Grable Martin submits the Declaration of Ricky Hutchens (the "Hutchens Declaration") attached hereto as **Exhibit A** and a proposed order granting the Application attached hereto as **Exhibit B**. In further support of this Application, Grable Martin respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 330, and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules, Local Rule 2016-1 of the Local Rules, and the Interim Compensation Order.

## BACKGROUND

3. On December 19, 2025, (the "Petition Date"), the Debtor filed a voluntary petition for relief under the Bankruptcy Code.

4. The Debtor continues to operate and manage its business as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108. No trustee or examiner has been requested or appointed in this Case.

5. On January 26, 2026, the Office of the United States Trustee (the "U.S.

Trustee") appointed two eligible creditors to the Committee. *See United States Trustee's Notice of Appointment of Committee of Unsecured Creditors* [Dkt. No. 95]. The Committee elected Pico Propane and Fuels as its Chair and Artic Ice 1, Inc. as its Vice Chair.

6. On February 6, 2026, the Committee selected Grable Martin to serve as its counsel in this case.

7. On March 1, 2026, the Committee filed the *Application of the Official Committee of Unsecured Creditors of 57 Concrete LLC, to Retain and Employ Grable Martin PLLC as Counsel, effective as of January 30, 2026* (the "Retention Application") [Dkt No. 153]. On March 25, 2026, the Court entered an order approving the Retention Application [Dkt. No. 188].

8. This Application is Grable Martin's first interim fee application for allowance of compensation for services rendered and for reimbursement of expenses. Grable Martin has previously sought interim compensation through the service of four (4) monthly fee statements (collectively, the "Monthly Fee Statements") covering the period from January 30, 2026, through May 31, 2026, in accordance with the Interim Compensation Order. The Monthly Fee Statements were served upon the Notice Parties pursuant to the Interim Compensation Order.

**SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED**

9. Pursuant to this Application, Grable Martin seeks interim allowance of $780,705.00 in fees calculated at the hourly billing rates of Grable Martin's personnel who worked on this case, and $1,544.99 in expenses actually and necessarily incurred by Grable Martin while providing services to the Committee during the Interim Fee Period. During the Interim Fee Period, Grable Martin attorneys and paraprofessionals expended a total of 1,336.1 hours for which compensation is requested.

10. The fees charged by Grable Martin in this case are billed in accordance with Grable Martin's existing billing rates and procedures in effect during the Interim Fee Period. The rates

Grable Martin charges for the services rendered by its professionals and paraprofessionals in this Chapter 11 Case generally are the same rates Grable Martin charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy-related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and similar complex non-bankruptcy cases.

11. Attached hereto as **Exhibit C** is a schedule of the total amount of fees incurred under each of Applicant's internal task codes during the Interim Fee Period.

12. Attached hereto as **Exhibit D** is a summary breakdown of hours and amounts billed by timekeeper. The summary sheet lists those Grable Martin professionals and paraprofessionals who have performed services for the Committee during the Interim Fee Period, the capacities in which each individual is employed by Grable Martin, the hourly billing rate charged by Grable Martin for services performed by such individual, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed therefor.

13. Attached hereto as **Exhibit E** is a summary for the Interim Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which Grable Martin is seeking reimbursement. Grable Martin maintains computerized records of the time spent by all Grable Martin attorneys and paraprofessionals in connection with this Chapter 11 Case. Copies of these computerized records were served with Grable Martin's four (4) Monthly Fee Statements for the months of February, March, April and May 2026 in the format and by the procedure specified by the Interim Compensation Order. Included in this interim fee application are the months of June and July 2026 for which monthly fee statements were not previously prepared and presented pursuant to the Interim Compensation Order.

14. Grable Martin reserves the right to request additional compensation for the Interim Fee Period to the extent that it is later determined that time or disbursement charges for services rendered or disbursements incurred during such time period have not yet been submitted.

## SUMMARY OF ACTUAL AND NECESSARY EXPENSES

15. Grable Martin incurred $1,544.99 as actual and necessary expenses in providing professional services during the Interim Fee Period. None of these expenses exceed the maximum rate set by the UST Guidelines. These charges are intended to cover Grable Martin's direct costs, which costs are not incorporated into the Grable Martin hourly fees. Only clients who use services of the types for which reimbursement is sought are separately charged for such service.

16. Grable Martin asserts that the foregoing services were necessary to the administration of the cases and were beneficial to the Committee at the time which the services were rendered. All services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed. A summary of Grable Martin's expenses incurred during the Interim Fee Period is provided in **Exhibit E**.

## SUPPORTING DOCUMENTATION

17. As noted above, Grable Martin was retained to serve in the capacity of counsel to the Committee by Order of this Court dated March 25, 2026.

18. This Application represents Grable Martin's interim fee application as counsel to the Committee and covers the period from January 30, 2026, through and including July 31, 2026.

19. The computerized time sheets included with the interim fee statements and application are attached hereto as **Exhibit F, Exhibit G, Exhibit H, Exhibit I, Exhibit J and Exhibit K** detail the services rendered by the members of Grable Martin, the hourly rate charged by each member or paralegal, and the actual time expenses in the performance of such services. Said time sheets reflect that Grable Martin has expended 1,336.1 hours in performing services for the Committee, resulting in charges of $780,705.00. The blended hourly rate charged herein is $616.25 for professionals and

$300.00 for paraprofessionals. which Grable Martin believes is fair and reasonable in light of the nature of the services rendered and the expertise of the professionals rendering such services.

20. The interim fee application also includes a detailed breakdown of all out-of-pocket disbursements incurred by Grable Martin in the performance of its duties as counsel to the Committee, which total $1,544.99. In the normal course of Grable Martin's practice, expenses are only charged after the expenses are actually incurred by Grable Martin.

21. The following chart illustrates the monthly fee invoices for fees and expenses requested in this Application:

| Time Period | Date Served | Total Fees Requested (at 100%) | 20% Holdback | Fees Requested (at 80%) | Expenses Requested (at 100%) | Fees and Expenses Paid |
|---|---|---|---|---|---|---|
| 1/30/2026 - 2/28/2026 | (First) 5/1/2026 | $62,480.00 | $12,496.00 | $49,984.00 | $0.00 | $49,984.00 |
| 3/1/2026 - 3/31/2026 | (Second) 6/1/2026 | $185,055.00 | $37,011.00 | $148,044.00 | $70.30 | $148,114.30 |
| 4/1/2026 - 4/30/2026 | (Third) 7/15/2026 | $136,620.00 | $27,324.00 | $109,296.00 | $884.79 | $110,180.78 |
| 5/1/2026 - 5/31/2026 | (Fourth) 7/28/2026 | $81,050.00 | $16,210.00 | $64,840.00 | $0.00 | $1,830.00 |
| 6/1/2026 - 6/30/2026 | N/A | $139,775.00 | N/A | N/A | $214.20 | $0 |
| 7/1/2026 - 7/31/2026 | N/A | $175,725.00 | N/A | N/A | $375.70 | $0 |
| | **TOTAL** | **$780,705.00** | **$93,041.00** | **$372,164.00** | **$1,544,99** | **$310,109.08** |

**BASIS FOR THE RELIEF REQUESTED**

22. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides

that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:
>
> A. the time spent on such services;
> B. the rates charged for such services;
> C. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> D. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> E. with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> F. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

23. Under the standards customarily applied to fee awards under sections 330 and 331 of the Bankruptcy Code, Grable Martin submits that its request for compensation and reimbursement of expenses is for services that were, at the time rendered, believed to be necessary, reasonable, and proper, and that such request should be allowed in the requested amount. The professional services rendered by Grable Martin on behalf of the Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, to deal with the many issues encountered with skill and dispatch.

24. Grable Martin submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Committee. Grable

Martin further believes that it performed the services for the Committee economically, effectively, and efficiently. Grable Martin further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Committee and all parties in interest.

25. Grable Martin submits that the attorneys providing services to the Committee in this Chapter 11 Case have demonstrated skill and experience in the bankruptcy field. Grable Martin's attorneys practice extensively in the fields of bankruptcy and corporate restructuring, litigation, real estate, tax, corporate, finance and business transactions, employment, environmental, and other related areas of the law. Grable Martin has represented creditors, debtors, fiduciaries, and numerous other parties in cases in bankruptcy courts.

26. The services rendered by Grable Martin were necessary and beneficial to the Committee and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Approval of the compensation for professional services and reimbursement of the expenses sought herein is warranted.

27. No previous application for the relief sought herein has been made to this or any other Court.

**APPLICANT'S STATEMENT IN COMPLIANCE WITH APPENDIX B GUIDELINES PARAGRAPH C.5**

29. The following answers are provided in response to the questions set forth in United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, Appendix B, paragraph C.5:

a) **Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Application Period? If so, please explain.

**Response:** No.

**b)** **Question:** If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Response:** The total fees sought in this interim fee application did not exceed the estimated amount of fees for the Interim Fee Period.

**c)** **Question:** Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Response:** No.

**d)** **Question:** Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.

**Response:** No.

**e)** **Question:** Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Response:** No.

## RESERVATION OF RIGHTS

28. Although every effort has been made to include all fees and expenses incurred in the Application Period, some fees and expenses might not be included in the Application due to delays caused by accounting and processing during the Application Period. Grable Martin reserves the right to make further applications to this Court for allowance of such fees and expenses not included herein. Subsequent applications will be filed in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Interim Compensation Procedures Order, and the Local Rules.

**WHEREFORE**, Grable Martin respectfully requests that the Court: (i) approve the allowance of $780,705.00 for compensation for professional services rendered to the Committee by

Grable Martin during the Interim Fee Period from January 30, 2026 through and including July 31, 2026; (ii) approve the reimbursement of $1,544.99 for Grable Martin's out-of-pocket expenses incurred in connection with the rendering of such services during the Interim Fee Period from January 30, 2026 through and including July 31, 2026; (iii) authorize and direct the immediate payment to Grable Martin the unpaid portion of such allowed fees and expenses; and (iv) award such other relief as the Court deems just and proper.

Dated: October 22, 2026

Respectfully submitted,

**GRABLE MARTIN PLLC**

/s/ Ricky L. Hutchens
Ricky L. Hutchens
Texas Bar No. 24152795
12510 Beauline Abbey St.
Tomball, Texas 77377
Telephone: (901) 338-2897
Email: rhutchens@grablemartin.com

*Counsel for the Official Committee of Unsecured Creditors*

**Certificate of Service**

I certify that on October 22, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Ricky Hutchens*
Ricky Hutchens