**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| 57 CONCRETE LLC, et al.,[1] | § | Case No. 25-90818 (CML) |
| | § | |
| Debtors. | § | (Jointly Administered) |

**STATEMENT OF ELIUD R. CAVAZOS, JESUS CEPEDA, AND PEDRO A. CEPEDA REGARDING THE DISCLOSURE STATEMENT AND THE CONFIRMATION PROCESS**

[Relates to Docket Nos. 514 and 515]

Eliud R. Cavazos, Jesus Cepeda, and Pedro A. Cepeda (together, the "**Owners**"), through their undersigned counsel, file this statement regarding the *Disclosure Statement for the Debtors' Joint Chapter 11 Plan of Reorganization* [Docket No. 515] (as it may be amended, the "**Disclosure Statement**") and the *Debtors' Joint Chapter 11 Plan of Reorganization* [Docket No. 514] (as it may be amended, the "**Plan**"), and respectfully state as follows:

## I. The Owners Support the Plan

1. The Owners support approval of the Disclosure Statement. They support the Plan and a schedule that brings it to confirmation in December 2026. They file this statement to put three points before the Court ahead of the November 3, 2026 hearing.

2. Mr. Cavazos and Jesus Cepeda own and manage 57 Concrete LLC. Pedro A. Cepeda indirectly owns and manages 57 RGV Machinery LLC. Each is a guarantor of obligations of the Debtors, and several guaranty creditors have sued them individually.

3. The Plan pays every allowed non-insider general unsecured claim in full, in cash,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: 57 Concrete LLC (0886), 57 Fuels LLC (5550), 57 Logistics LLC (4104), and 57 RGV Machinery LLC (7906). The Debtors' service address is 4877 Western Road, Mission, Texas 78574.

with interest. Plan § 4.3. The Debtors have advised the Owners that the amended plan they intend to file on November 2, 2026 fixes that interest at 6.51% per annum and projects that the unsecured creditors of 57 Concrete LLC will be paid in full in approximately 46 months.

4. The Owners have accepted terms that make that result possible. Their own claims against the Debtors, including any claims for reimbursement or contribution arising from their guaranties, will be paid only after the unsecured creditors of the applicable Debtor are paid in full. Under the Plan, claims of affiliated companies, including the $1,293,957.13 claim scheduled in favor of Filegonia Aggregates LLC, are deferred in the same way. The Owners have also agreed that the amended plan will restrict any sale or transfer of their equity until the unsecured creditors are paid in full.

## II. The Committee Professionals' Current Fee Estimates

5. The Disclosure Statement as filed estimates that the professionals of the Official Committee of Unsecured Creditors (the "**Committee**") will receive approximately $500,000 on the Effective Date. (Docket No. 515, Art. IX.A). The Debtors' projections use the same figure. On October 29, 2026, the Committee's professionals and Mr. Cavazos took part in a call to review the Debtors' financial information. On that call, Grable Martin PLLC ("**Grable Martin**"), counsel to the Committee, stated that its unpaid fees are approximately $1.3 million, and HMP Advisory Holdings, LLC d/b/a Harney Partners ("**Harney Partners**"), the Committee's financial advisor, confirmed that it expects its fees for the entire case to total approximately $240,000. Together, those figures total approximately $1.54 million, about three times the figure in the Disclosure Statement.

6. Both have filed first interim fee applications. Grable Martin seeks allowance of $782,249.99, consisting of $780,705.00 in fees and $1,544.99 in expenses, for January 30 through

July 31, 2026. (Docket No. 591). Harney Partners seeks allowance of $142,645.00 for May 12 through September 30, 2026. (Docket No. 601). Together, the two applications seek allowance of $924,894.99.

7. Because the Plan pays unsecured creditors in full with interest, the cost of these cases is paid from the Reorganized Debtors' operations and comes, in the end, out of the Owners' equity. The Owners therefore have a direct interest in the reasonableness of every professional's fees. The Owners have been reviewing and approving the fees of the Debtors' counsel, Parkins & Rubio LLP, and Parkins & Rubio has taken reasonable reductions. The Owners expect that to continue.

8. The Owners do not ask the Court to decide the amount of any fee at the November 3 hearing or to delay approval of the Disclosure Statement. An estimate is not an allowed claim. Allowance belongs in the fee application process, on notice, with an opportunity to object. Objections are due November 5, 2026 for Docket No. 591 and November 12, 2026 for Docket No. 601. The Owners will review both applications and reserve the right to object to them and to any later application. The Owners also reserve the right to object to any request that the estates bear the Committee's cost of prosecuting its motion seeking, among other things, appointment of a chapter 11 trustee. That motion sought to displace the Owners as managers of the Debtors on the eve of filing a 100% Plan. (Docket Nos. 431, 467). The Committee withdrew it. (Docket No. 575).

## III. The Guaranties

9. The Plan, as the Debtors propose to amend it, includes a temporary, conditional injunction that keeps the Owners' guaranty creditors from pursuing them while the Plan is being performed. The injunction releases nothing. Each guaranty remains in force, each guaranty creditor keeps its claim, and the injunction ends as to a creditor if its Plan payments are not made after

notice and an opportunity to cure. The Owners support it. It allows them to devote their time to operating the Debtors' businesses and making the Plan payments, rather than to defending collection suits on debts the Plan is paying, and protects the equity control of the post- confirmation revested debtor from a judgment lien or execution on the equity interests. The Owners will address the injunction further at confirmation.

## IV. Reservation of Rights

10. The Owners reserve all rights, claims, and defenses, including under their guaranties and with respect to any claim asserted against them, their right to object to any fee application, their right to be heard on confirmation, and their right to respond to any proposed restriction on, or lien against, their equity. Nothing in this statement is an admission by any Owner.

11. The Owners respectfully request that the Court approve the Disclosure Statement, set a confirmation schedule consistent with the Debtors' proposal, and grant such other relief as is just.

Dated: October 29, 2026

Respectfully submitted,

**JORDAN & ORTIZ, P.C.**

/s/ Shelby A. Jordan
Shelby A. Jordan
Texas Bar No. 11016700
S.D. Tex. Federal ID No. 2195
248 Addie Roy Road, Building B, Suite 301
Austin, Texas 78746
Telephone: (361) 884-5678
Email: sjordan@jhwclaw.com

**Counsel for Eliud R. Cavazos, Jesus Cepeda, and Pedro A. Cepeda**

**CERTIFICATE OF SERVICE**

I certify that on October 29, 2026, a true and correct copy of this statement was served electronically through the Court's CM/ECF system on all parties registered to receive electronic notice in these cases.

/s/ Shelby A. Jordan
Shelby A. Jordan